SARAS K. SORENSON v. DAVID SANDERSON.[1]

January 25, 1929.

No. 27,097.

[1]Reported in 223 N. W. 145.

*Peterson & Oehler,* for appellant.
*Orr, Stark & Kidder,* for respondent.

WILSON, C. J.

Plaintiff appealed from a judgment entered for defendant notwithstanding a verdict in favor of plaintiff for $7,007.15.

Plaintiff drove his car north on Rice street in St. Paul. He turned to the west on Atwater street, traveling seven or eight miles an hour. As he was making the left-hand turn at the intersection, defendant was approaching the intersection from the north on Rice street, traveling 35 to 40 miles an hour.

When plaintiff was midway between the westerly car track and the line of the westerly curb of Rice street, he was struck by defendant's car, and both cars went to the curb at the southwest corner of the intersection. Plaintiff was severely injured. Defendant's negligence is established by the verdict. We are now to determine whether plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff testified that he looked to the north four times: (1) as he reached the intersection; (2) at the place where he turned to the left; (3) as he crossed the southbound street car tracks; and (4) just as defendant's car was about six to eight feet from him; and that he did not see any moving automobile coming from the north. It is probable that in the first observation defendant's car was too far away to be noticed. A driver frequently and quite naturally observes the absence of approaching vehicles within a reasonable distance rather than tries to see what he may discover in the harmless distance. The fourth observation was too late and is of no importance.

The plaintiff, having first entered the street intersection and having given the necessary signal of his intention to turn to the left, had the right of way. L. 1927, p. 563, c. 412, § 18(b), 1 Mason, Minn. St. § 2720-18(b). Defendant necessarily saw plaintiff's con-

duct before he, defendant, entered the intersection. If the two cars entered the intersection at approximately the same time, the defendant, being on the right hand, had the right of way, which he also had if he was first in the intersection. The jury has found against defendant on these questions. We will not consider whether the conclusion which we reach may find support in plaintiff's violation of § 16(a) [§ 2720-16(a)] of said statute, which requires that a person intending to turn to the left "shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway and in turning shall keep as near to the center of the intersection as practicable." Plaintiff did not travel such lane but did travel the lane near the right-hand curb.

The topography was such that defendant's car, approaching from the north, was visible for more than a city block—perhaps much more. The conclusive presumption under such circumstances is that plaintiff failed to look or else heedlessly disregarded the knowledge so obtained and negligently encountered obvious danger from the fast approaching automobile. It was so near and traveling at such speed that it was necessarily visible.

Plaintiff traveled 10 to 12 feet per second in the intersection. He could have stopped his car in a very few feet. Upon his theory, he traveled only about 25 feet after turning west before he was struck. This was about three seconds. In this period of time defendant traveled, according to his testimony, 90 feet, or, according to plaintiff's evidence, 180 feet. In either event, plaintiff could not avoid seeing defendant had he looked. It was plaintiff's duty to discover the presence of defendant's car, and had he done so he would then have exercised his judgment and regulated his conduct accordingly. His failure to see the approaching car, and his proceeding without taking any consideration of defendant's presence or his negligence, or of his own safety, are fatal to his cause of action under our rule of contributory negligence.

This is not a case where plaintiff saw the approaching car and advanced because he had the right of way and was injured while acting under the assumption that the driver of the belated car to

his right would approach the intersection at a reasonable and. proper speed under the circumstances and in recognition of plaintiff's superior rights incidental to his having first entered the intersection. Under such a situation the claim of contributory negligence would be for the jury. But here plaintiff did not see the defendant's car. He did not proceed upon the theory indicated. Under the conclusive presumption above mentioned, we must hold, upon plaintiff's own statement, that he voluntarily went into the danger zone unmindful of and oblivious to the impending peril to which he thereby in part was subjected.

Affirmed.

[1]Reported in 223 N. W. 146.