## HARRY HERMANSON v. ORVAL SWITZER.[1]

March 17, 1933.

No. 29,370.

*Kelly, Berglund & Johnson,* for appellant.
*Mitchell, Gillette & Carmichael* and *William O. Bissonett,* for respondent.

HILTON, JUSTICE.

Plaintiff appeals from a judgment entered pursuant to an order of the trial court granting judgment notwithstanding the verdict.

Action to recover damages for personal injuries sustained by plaintiff in an automobile accident and for damages therein to his automobile.

[1]Reported in 247 N. W. 581.

On November 12, 1931, plaintiff was driving alone in his 1925 Ford sedan in a southerly direction across the intersection of state highway No. 23 and a county road in Kanabec county, Minnesota. While so doing, his car was run into by a one and a half ton Ford truck owned and operated by defendant, which was traveling in an easterly direction on the state highway and into the intersection. Plaintiff charged defendant with negligence. Defendant denied negligence, alleged plaintiff's contributory negligence, and counterclaimed for damages. Plaintiff had a substantial verdict.

The errors assigned are that the court erred in granting defendant's motion for judgment notwithstanding the verdict and in holding plaintiff guilty of contributory negligence as a matter of law. On the evidence the jury had a right to, and of course did, find defendant guilty of negligence. Here we need only consider the state of the record as regards the contributory negligence of plaintiff. Was it established as a matter of law?

The trunk highway, running straight east and west, was 36 feet wide from shoulder to shoulder, with a dry, hard, tarvia surface. The county road from shoulder to shoulder was 23 feet wide north of the state highway and 19 feet wide south thereof; it was graveled. Immediately west of the intersection and north of the state highway the adjoining lands lie low and have thereon no trees or brush for a distance of 400 feet; then there are some trees close to the highway. About 300 feet west of the intersection and on the south side of the trunk highway there are a few trees and some brush for about half a mile.

Plaintiff owned and operated a farm of 80 acres abutting the trunk highway and the county road immediately southwest of the intersection. He also operated 120 acres abutting the two roads immediately northwest of the intersection. In the latter tract was the low land mentioned above. For a number of years he had been accustomed to cross the intersection at least every other day.

Consideration need not be given to the testimony on the part of the defendant tending to show lack of negligence on his part, nor to testimony in his behalf as to contributory negligence of plaintiff. We will consider only the testimony in plaintiff's behalf.

Plaintiff testified that he was driving south on the county road and stopped his car in about the middle thereof with its front end within two feet of the trunk highway. He stated that he looked to the left (east) and saw three cars approaching; the second one speedily passed the first, and both of them passed in front of him and proceeded west; that the third car (Peterson's) stopped at a distance of about 350 to 400 feet east of the intersection and remained there; that after the two westbound cars passed him he paid no further attention to them; that he looked to the west and did not see any car coming from that direction; that he then proceeded to cross the intersection, in low gear, at about three miles an hour, looking straight ahead and glancing neither to the right nor to the left. When he had crossed the center line of the trunk highway and when the rear end of his car was about three feet south thereof, his car was hit in the center of its right side by the truck. The first he knew of the presence of the truck was when the impact took place. Plaintiff's car was badly damaged, and he was seriously injured.

In a memorandum made after ordering judgment notwithstanding the verdict the court stated:

"On plaintiff's own testimony, in my opinion, he was guilty of contributory negligence. I am unable to distinguish this case from the case of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254. There were no distracting circumstances. The accident, taking plaintiff's estimate as to time, took place about half an hour after sunset. The other witnesses testified it occurred at least half an hour earlier. All witnesses agreed that it was not dark. Plaintiff did not see the defendant's car coming from his right at any time and knew of its presence only when he felt the impact."

Plaintiff testified that his eyesight was good—that he had better eyesight than the average person; that he was and since 1918 had been familiar with the statutory rule as to the right-of-way at intersections—that when two cars approach an intersection at right angles at approximately the same time and at approximately the

458

same rate of speed the one on the right has the right-of-way. He also knew there was heavy traffic on the highway, and for those two reasons he stopped his car. Defendant's exhibits were pictures clearly establishing that from the place where plaintiff stopped before entering the intersection there was nothing to obstruct the view for half a mile west of the intersection. Even plaintiff himself admitted that from that point there was for half a mile westward no obstruction. Plaintiff's witness Peterson placed the truck at the time plaintiff looked to the west at about a quarter of a mile away from where he (Peterson) had stopped his car; that would be about 900 feet west of the intersection. From the evidence it must be concluded that the truck was within half that distance. Plaintiff claimed not to have seen it at all, and, not having looked after starting into the intersection, did not know it was anywhere until it hit his car.

Relative to the matter of visibility at the time of the accident, the comment of the trial court is unescapably correct. It was not dark. The most that plaintiff's witness Peterson claimed was that it was getting dusk—it was not light, and it was not dark. However, Peterson testified that when he was in his stopped car 350 to 400 feet east of the intersection he could see the truck coming west of the intersection "like the dickens"—"mighty fast." The only other evidence as to the speed of the truck was the testimony of defendant and three other witnesses, to the effect that it was traveling 25 to 30 miles an hour. Peterson placed the distance the truck was then from himself at a quarter of a mile away. Certainly, if Peterson could see the truck thus approaching, it was not dark, and it was not dusky to such an extent as to prevent plaintiff, who was 350 to 400 feet nearer, from seeing it. Incidentally, it may be stated that none of the cars, plaintiff's, defendant's, or the three cars proceeding westerly, had lights thereon.

If plaintiff looked, as he said he did, before starting across the intersection, his looking could not have been the kind that is required, for if he had looked effectively he would have seen the approaching truck. The rule has been well stated to be that a

party having good eyesight cannot escape liability simply by averring that he looked in time to discover the danger but did not discover it, when the physical facts are such as to demonstrate either that he did not look or that if he did he proceeded in reckless disregard of the danger of collision. DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254. The truck was in plain sight; there was no obstruction to plaintiff's view and no distracting circumstances. If plaintiff had looked attentively he would have seen the approaching truck. Like Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, and DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350, this is not a case where plaintiff saw an approaching vehicle and misjudged its location or speed.

Except in so far as visibility was concerned, this case is at least as strong in establishing contributory negligence as the case of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, wherein plaintiff's contributory negligence was held to have been established as a matter of law. In that case it was broad daylight at the time of the accident. Here, however, it was light enough for all practical purposes. Plaintiff had an unobstructed vision for such a distance that had he looked in a proper manner he would have seen the truck. The evidence established that he was guilty of contributory negligence as a matter of law.

Affirmed.