W. Y. UNDERDOWN v. IRENE (MRS. JOHN McNAB) THOEN AND ANOTHER.[1]

January 18, 1935.

No. 30,047.

*F. M. Ridgway* and *A. A. Tenner,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre* and *Raymond A. Scallen,* for respondents.

HILTON, JUSTICE.

Action to recover damages for personal injuries sustained in a collision between a Ford coupé, driven by plaintiff, and a Chevrolet coupé, driven by defendant Mrs. Thoen. (They will hereinafter be referred to respectively as plaintiff's car and defendants'

[1]Reported in 258 N. W. 502.

car.) Plaintiff had a verdict. From an order granting defendants' motion for judgment notwithstanding the verdict this appeal is taken.

West Twenty-fifth street and Humboldt avenue south, 30 feet and 32 feet wide, respectively, between boulevards, are paved highways in Minneapolis. The street runs east and west and the avenue north and south. At the time of the accident both were dry. The street carries the heavier traffic. Just before the southeast corner of the intersection there is a large "slow" sign facing cars approaching the intersection from the south. The accident occurred on August 23, 1932, at about 2:30 p. m. It was a bright and clear day. There was then no traffic going westward or southward toward the intersection, and none in the other two directions except the two automobiles here involved. There were no obstructions to the view of motorists approaching from any direction. The collision took place in the intersection; plaintiff's car was going north on Humboldt avenue and defendants' east on Twenty-fifth street.

Plaintiff was familiar with the intersection; the windshield and windows of his car were clear; the front windows were not closed. In the front seat with plaintiff was his 25-year old daughter. Plaintiff testified that he slowed down almost to a stop (his daughter said to about 10 miles an hour) at the "slow" sign and proceeded into the intersection at from 10 to 15 miles an hour. He said that when the front part of his automobile had crossed the center line of Twenty-fifth street the defendants' car struck his car a violent blow at the front left corner, hooked into plaintiff's car, and pulled it around a considerable distance on Twenty-fifth street. He further said that at the speed he was going he could stop in eight or ten feet. His daughter put it at three or four feet. Plaintiff's eyesight was good. He testified that when he slowed down at the "slow" sign he looked to the north, east, and west and saw no car coming from any direction. Defendants' car came from the west. Plaintiff said he did not see it until it was three feet away from his car; his daughter said she saw it first when it was 25 feet away, having in the meantime been

looking straight ahead. Plaintiff said that when he looked to the west he probably saw about 100 feet; that there was nothing to obstruct his view in seeing farther; that he saw no car. His daughter said that when plaintiff's car was opposite the "slow" sign she also looked and could easily see 400 or 500 feet to the west and saw no car. Plaintiff did not claim to know the speed of defendants' car at the time of the impact. His daughter placed it at "25–35 and 30" miles an hour. Plaintiff did not know how badly or in what respect his car was damaged, not having examined it until three or four weeks after the accident. He did not remember anything for some time after the accident. His daughter testified that the right front fender and front part of defendants' car struck plaintiff's car on the left front fender and front, swinging it around so that it was facing east on the north side of Twenty-fifth street. Her description of the damage done to plaintiff's car was such as might result from the impact that she described.

Mrs. Thoen testified that she was proceeding eastward on Twenty-fifth street at about 20 miles an hour, reaching the intersection first and entering it at about 15 miles an hour, at which time she saw plaintiff's car some distance south of the intersection; that when she had proceeded across the center of the intersection her car was hit by the front of plaintiff's car, damaging the running board and right rear fender of her car; that the radiator of plaintiff's car was pushed back four inches and the steering apparatus put out of commission. As to the physical facts, defendant was corroborated by a garage owner who towed plaintiff's car away. However, in the situation disclosed by the record, we must view the evidence in a light most favorable to plaintiff. So considering it and assuming negligence on the part of defendant, there must be an affirmance because plaintiff's contributory negligence was established as a matter of law.

There were no distracting circumstances that excused plaintiff from not seeing defendants' approaching car; it certainly must have been well within his view. Manifestly he did not look at all, or, if he did, he did not do so effectively. The same holds true as

to the daughter. There were here no obstructions to plaintiff's view; no miscalculation as to speed of defendants' car, for he did not see it; no reliance on his having the right of way and thinking the driver of defendants' car would recognize it, one or more of which conditions were present in cases cited by appellant. Several of the cases cited were death cases, where the presumption obtained as to the exercise of due care on the part of the deceased. The situation here brings this case well within the holdings of the following cases: Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687; Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581.

Affirmed.