### ELLSWORTH DUNCANSON v. RAY JEFFRIES.[1]

November 8, 1935.

No. 30,408.

[1]Reported in 263 N. W. 92.

348

*Frundt & Morse,* for appellant.
*H. C. Lindgren* and *Putnam & Carlson,* for respondent.

HOLT, JUSTICE.

The action is for damages for the wrongful death of plaintiff's wife, alleged to have been caused by the negligence of defendant's servant in so operating defendant's gravel truck that, at a highway intersection, it struck an automobile driven by plaintiff and in which his wife was riding so that in the collision she was killed. Contributory negligence of plaintiff was alleged in the answer and, if established, would be a complete defense, for, since the decedent had had no child, plaintiff, her husband, would be the sole beneficiary of any recovery, under 2 Mason Minn. St. 1927, § 9657, the wrongful death statute. Defendant's motion for a directed verdict was denied. There was a verdict for plaintiff. Defendant appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

The collision occurred at about half past three in the afternoon of December 8, 1933, at the intersection of two graveled highways about two miles west of Winnebago village. The roads intersect at right angles. Plaintiff was driving east on state aid road No. 2 in a Ford coach, to which was attached a four-wheel trailer loaded with sheep. Benschoff, defendant's servant, was engaged in hauling gravel in road construction, and at this time was driving an empty truck on the intersecting county road approaching state aid road No. 2 from the south. The truck was the usual heavy gravel truck, the rear wheels being double-tired. When the truck came within 400 feet of the intersection the driver had an unobstructed view of the intersecting road to the west for a like distance. The grade was down to the intersection, so that the truck maintained the estimated speed of 35 miles an hour after he stopped feeding gasolene. Plaintiff testified that he approached the intersection at a speed of 25 miles an hour; that he looked to the south when he

came within four or five rods of the west line of the intersection and saw no vehicle approaching that might interfere with his passing, and so he continued into the intersection, but when the front part of his car was passing the center line he saw the truck 50 feet south of the south line of the intersection; that the place where he was hit by the truck was 30 feet east of the center line of the north and south road. From the tracks of the truck, made plain by the application of its brakes several feet south of the intersection and continuing up until it struck the right rear of plaintiff's coach and the right front corner of the trailer, it clearly appears that it carried plaintiff's whole rig into the ditch north of state aid road No. 2 and 30 feet east of the easterly line of the intersection, then ran over the ditch, through a wire fence, and came to rest in a cornfield, about 125 feet northeasterly from the center of the intersection, so there was justification for the conclusion that the truck was traveling at an exceedingly high rate before the brakes were applied and that the truck was almost twice the distance from the intersection that plaintiff was when he looked to the south. That Benschoff's operation of the ponderous truck, downgrade to the intersection of a main highway, upon which he saw a car with a four-wheel trailer attached moving toward the crossing, was negligence bordering on recklessness admits of no question. There seems to be a consciousness of security in the drivers of these heavy work trucks that neither they nor their mounts can suffer in a collision with the ordinary automobile. But, notwithstanding Benschoff's negligence, a recovery cannot be had if it appears as a matter of law that plaintiff by any negligence of his contributed to the collision. A person about to enter a highway intersection must take notice of other vehicles approaching the same with a like object in view. He must use that care in extending his view in either direction of the intersecting highway which the ordinarily prudent person would do for his own safety. In Sorenson v. Sanderson, 176 Minn. 299, 300, 223 N. W. 145, 146, Chief Justice Wilson well states how drivers ordinarily look, when saying:

"A driver frequently and quite naturally observes the absence of approaching vehicles within a reasonable distance rather than tries to see what he may discover in the harmless distance."

Upon the question of plaintiff's contributory negligence defendant contends that the established rule in this state is that if a driver of a vehicle enters an intersection after he has looked for vehicles to his right and left and has seen none that might threaten his safe passage, still, if he is struck by a vehicle that was demonstrably within his view when he looked, his contributory negligence appears as a matter of law. In support of that contention the following decisions of this court are cited: Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; Underdown v. Thoen, 193 Minn. 260, 258 N. W. 502. In all but the Hermanson case the collision occurred at the intersection of city streets. In Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, the plaintiff was in the act of crossing a much traveled trunk highway when struck by an oncoming automobile thereon. In Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, the plaintiff was driving north on a much traveled street in St. Paul and was struck by defendant's car coming south thereon, just as plaintiff turned left into a cross street. The two cars were meeting, and the plaintiff turned in front of the oncoming car. It was daylight, and it was held that either plaintiff's testimony that he looked before he turned was false or that his looking was negligently done, for the defendant's car was so near and so obviously imperiled plaintiff's going in front thereof that his contributory negligence appeared as a matter of law. In DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350, the plaintiff admitted he made no effort to take any step for his own safety when driving into and over the intersecting street. Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581, was also where the plaintiff was about to cross a much traveled trunk highway intersected by the county road on which he was driving. He testified that he stopped within two feet of the intersection, let some cars coming from his left pass, then looked to his right, and, seeing no

approaching car from that direction, started across in low gear and looked no further either to the right or left and was aware of no car approaching until struck by a truck coming from his right as he had crossed the center line of the trunk highway. The trial court was sustained in granting the defendant judgment on the ground that the plaintiff's contributory negligence appeared as a matter of law. Underdown v. Thoen, 193 Minn. 260, 258 N. W. 502, involved a much used street intersection, and on the plaintiff's own statements it could be said that his looking was ineffective, for the car with which he collided was within his view and within the intersection when he looked.

Here it seems to us that it was for the jury to say how far south the ordinarily prudent person approaching the intersection, as plaintiff was doing, would look for approaching vehicles. If plaintiff looked as far south on this road as the ordinarily careful driver would look to ascertain whether any vehicle was coming therefrom that might interfere with his safe crossing, and he saw none and there was none within that distance, the jury could find as a fact that he was free from contributory negligence, although this oncoming truck was not within such distance, but by unanticipated and excessive speed more than covered it before plaintiff was safely over. We are of the opinion that plaintiff's alleged contributory negligence was properly left to the jury under all the evidence herein.

The point is faintly made that the evidence does not support the verdict finding that the collision was caused by the negligent operation of defendant's truck. We think there is ample support for the conclusion that the driver of the truck was negligent in its operation and that such negligence proximately caused the death of plaintiff's wife.

The order is affirmed.