## CLARENCE WETTERLIND v. HINTZ FEED COMPANY AND ANOTHER.[1]

November 15, 1935.

No. 30,538.

*Benjamin W. Pass,* for appellant.

*Mitchell, Gillette, Nye & Harries* and *W. O. Bissonett,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff, a young man 23 years of age, upon coming home from his work between four and five o'clock in the afternoon of August

[1]Reported in 263 N. W. 462.

27, 1934, went out for a ride, using his cousin's motorcycle, upon which he had been theretofore doing some repair work. This machine, of somewhat ancient vintage, is claimed to have been in good running order and as having well-functioning brakes. On this trip plaintiff's motorcycle came into violent contact with a large truck owned by defendant Hintz Feed Company but operated by its employe, defendant Anderson. The accident took place at a street intersection in Duluth. Plaintiff was traveling in a southerly direction upon Central avenue. The company's truck was proceeding easterly upon Eighth street; in other words, the truck was coming from the west, at plaintiff's right, and plaintiff was approaching from the north, at Anderson's left. The intersection is at an angle, so that Eighth street, to plaintiff's right, crosses the intersection obliquely, thereby affording one approaching the same, as was plaintiff, a much better view than if the street crossing had been at right angles. Plaintiff claims that as he approached the intersection at a speed of between 10 and 12 miles per hour, and when about 25 feet north of the curb line, he looked to his right and saw nothing; that he again looked in that direction when 15 feet away and saw nothing; that the next time he looked was at or near the sidewalk line, but he still saw nothing approaching from the west. The next thing he remembers is that there was a collision and that the same occurred after he had made the turn to go easterly on Eighth street, the same direction in which the company's truck was traveling. In other words, he seeks to leave the impression that he was hit by the truck. Several photographs were introduced in evidence. We think defendants' exhibit 5 is perhaps the one presenting the best view of the intersection from the direction in which plaintiff was coming. A photostatic copy of that exhibit is herewith submitted[2] because we believe that this affords a much better idea of what the situation really was than can be stated by mere descriptive language.

Plaintiff admitted that the photograph is a correct portrayal of the situation as it was at the time and place of accident. The record establishes that this photograph was taken 50 feet north of the curb line referred to heretofore. A mere glance to the right

[2]See p. 428.

of the picture affords convincing proof that if plaintiff had looked at all in that direction he could not have failed to see the company's truck. It is conceded that he had excellent eyesight. The

weather was clear. The pavements on both streets were of concrete and dry. There was no other vehicle at or near the intersection at the time of the accident except that plaintiff testified he was following a truck which turned east on Eighth street. There were four eyewitnesses to the accident aside from plaintiff. None of them saw any other truck or vehicle in this locality except the company's truck and plaintiff's motorcycle.

Defendant Anderson testified that as he came into the intersection he observed the motorcycle coming from the north, that is, from his left, at a rapid rate, but that it was from 50 to 75 feet away from him; that as he proceeded through the intersection he observed that the driver of the motorcycle seemed to be headed straight for the truck, and as a consequence, in order to avoid being in his way, he drove to the southeasterly corner of the intersection and up on the curb with the right wheels of his truck, at which

point he stopped and at that moment was hit by plaintiff's motor-cycle with such force as to smash and demolish the running board on the left side of the truck and badly dent the metal door next to which defendant Anderson was sitting. The location of the impact is verified by three other witnesses, all of whom were on the street and in close proximity to the place of accident and who either saw it or heard the crash and then looked to see what had happened. One of these witnesses testified that when he looked the motorcycle was bounding back from its impact with the truck and that this movement was of such violence that it threw plaintiff to the street. Photographs taken of the damaged truck unmistakably prove that the motorcycle ran into the truck, not the truck into the motor-cycle. To be noted also is the further fact that plaintiff knew that traffic from his right had the right of way if both vehicles were approaching the intersection at the same time.

When the taking of evidence was concluded defendants moved for an instructed verdict. That motion was denied and the case submitted to the jury, who found for plaintiff, the verdict being signed by ten members thereof. Thereafter defendants moved in the alternative for judgment notwithstanding or new trial. The court granted defendants' motion for judgment, and plaintiff appeals.

Plaintiff urges the familiar and well-nigh universal rule that the court is required to view the evidence in the light most favorable to his claims. But that rule cannot relieve plaintiff of the burden of proving actionable negligence on the part of the truck driver. The case is barren of proof as to how the accident happened except as furnished by defendants' witnesses. Plaintiff testified upon cross-examination, and we shall quote only a brief portion thereof:

Q. "It is quite clear in your mind this collision did not occur on the southeast corner of the intersection, isn't it?

A. "I don't know.

Q. "It is possibly true, isn't it, that truck was down here on the southeast corner and over the curb and that you ran into the side of it at the left door; as far as you know it is possible that did happen, isn't it?

A. "It might be, yes.

Q. "As far as your recollection goes, you don't know where that accident happened?

A. "No, I don't.

Q. "And when Mr. Anderson states his truck was down here on the southeast corner and he looked and saw your motorcycle coming directly at him, and struck the left side of his truck, as far as your knowledge is concerned, that is possibly true, isn't it? As far as your recollection of the accident is concerned?

A. "Yes, as far as the recollection is concerned, yes.

Q. "And from your recollection of the accident, it is altogether possible that this picture, defendants' exhibit 1, represents the point on the left door and the left running board where your motorcycle struck the truck, isn't that true?

A. "Yes."

No court can, upon the facts and circumstances here appearing, throw out or disregard the positive and unimpeached testimony of the truck driver, fortified as it is by the testimony of unimpeached witnesses whose testimony is not tainted with anything even resembling lack of truthfulness. Their testimony is wholly unopposed by any circumstances impairing its credibility.

The trial judge in his memorandum attached to the order granting defendants' motion for judgment said:

"Such decisions of our supreme court as Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; and DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; require a trial court to order judgment for the defendant on such a record as we have here. The 'distracting circumstances' of the other truck and the 'obstructed' northwest corner of the intersection cannot avail plaintiff here because, however distracting or obstructing they were, they were not distracting or obstructing enough to divert or prevent plaintiff from looking three times. Plaintiff did look, and he could see from 50 feet, the first time he looked, to over 300 feet the last time he looked. Taking the facts as one will, one of two things must be true: (1) If the truck was coming into the

intersection the first or second time the plaintiff looked, it had the right of way; or (2) wherever the truck was, plaintiff would have had ample time, if he had seen what he looked at, to stop or to veer his course to avoid the collision. So notwithstanding such distraction and obstruction, plaintiff did look to the west three times, and he was obliged by the cases above cited to see what he looked at or be held conclusively negligent for not seeing."

Nothing more need be said. To attempt to say more is obviously a mere waste of words.

The order is affirmed.

LORING, JUSTICE, took no part.