## CLEMENTS GOTZIAN v. I. W. WOLK AND ANOTHER.[1]

October 15, 1937.

No. 31,279.

. *Sarah Gensler Schwartz,* for appellant.

. *Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough,* and *Wright W. Brooks,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff, a minor, suffered injuries in an automobile collision occurring upon a street intersection in Minneapolis. Appearing by his father as guardian *ad litem,* action was brought for damages, and he recovered a verdict, which the court set aside on defendants' motion for judgment notwithstanding. Judgment was thereupon entered, and this appeal followed. (There are two other cases tried together below with the present, but counsel have stipulated, and this court has ordered, that the decision herein is to be binding in the other two cases.) We shall hereafter refer to the minor as plaintiff.

The accident occurred at the intersection of Oak Park avenue and Penn avenue north in Minneapolis on the evening of July 3, 1934,

[1]Reported in 275 N. W. 372.

shortly after nine o'clock. Atmospheric conditions were perfect, and both streets were dry. The intersection is at right angles, and both streets are practically level. Plaintiff testified that, although it was dusk, weather conditions were such that he could see without the aid of a headlight for a distance of "a block easily." Plaintiff was driving northerly upon Penn avenue, a paved street 32 feet in width running north and south. Defendant, Mrs. Wolk, was driving her husband's car easterly upon Oak Park avenue, which is an oiled street 34 feet in width running east and west. Plaintiff was alone in his car. Mrs. Wolk and a friend occupied the front seat, and Mr. Wolk, her husband, occupied the rear seat of the Wolk car. There was no other traffic at or near the intersection at the time, no distracting circumstances, and no obstructions to the view of either driver. The headlights on both cars were operating. Both drivers claim to have looked both to their right and left before entering the intersection, yet neither saw the other approaching car. It is therefore obvious that they either did not look or, if they did look, did so inattentively. The court instructed the jury that:

"In this case the evidence shows that upon approaching and reaching a point at least 10 or 15 feet from the intersection the view of each driver was unobstructed; that there were no distracting circumstances to excuse either from not seeing a car approaching on the intersecting street; and that the physical fact is as disclosed by the evidence that both cars were in view as each driver reached a point at least 10 or 15 feet from the intersection."

On defendants' motion for judgment notwithstanding the verdict, the court being of opinion that Underdown v. Thoen, 193 Minn. 260, 258 N. W. 502, 503, was controlling, granted the motion. Obviously, then, our only inquiry is whether the facts here bring this case within that decision. We have no hesitancy in so holding. The quoted part of the court's instructions clearly indicates that the court was of the view that each driver failed to exercise ordinary care for his own protection. Here, as in the cited case (193 Minn. 262-263), while "we must view the evidence in a light most favorable to plaintiff," yet even so "considering it and assuming negli-

gence on the part of defendant, there must be an affirmance because plaintiff's contributory negligence was established as a matter of law. There were no distracting circumstances that excused plaintiff from not seeing defendants' approaching car; it certainly must have been well within his view. Manifestly he did not look at all, or, if he did, he did not do so effectively. * * * There were here no obstructions to plaintiff's view; no miscalculation as to speed of defendants' car, for he did not see it; no reliance on his having the right of way and thinking the driver of defendants' car would recognize it, one or more of which conditions were present in cases cited by appellant."

Judgment affirmed.