WINONA DAHL v. HENRY T. COLLETTE AND ANOTHER.
C. M. DAHL v. SAME.
GARDNER-RICHARDSON COMPANY, APPELLANT.[1]

January 5, 1940.

Nos. 32,412, 32,413.

*Ernest E. Watson,* for appellant.

*Julian E. Morten* and *Burnett, Bergesen & Haakenstad,* for respondents.

[1]Reported in 289 N. W. 522.

PETERSON, JUSTICE.

Winona Dahl sues to recover for damages to her automobile which she alleges it sustained in a collision while it was being driven by Peter C. Dahl with her consent, caused by the negligence of defendant Collette driving his own car as the corporate defendant's employe in the course of his employment. C. M. Dahl as administrator sues to recover damages for the wrongful death of Peter C. Dahl, which he alleges was caused in the same accident. Plaintiffs recovered verdicts. The corporate defendant appeals in each case from the judgment.

These cases present only the question whether or not the decedent, Peter C. Dahl, was guilty of contributory negligence as a matter of law. The claim is that it was error to submit the issue to the jury.

On the evening of April 13, 1936, decedent was driving his daughter's, the plaintiff Winona Dahl's, automobile east on a paved trunk highway in the country between Walnut Grove and Revere. The sun was still shining and visibility was good. The pavement was dry. Dahl intended to turn left and north on what is known as the Lucan road. This road intersects the trunk highway at right angles. On the north it is delta-like, with the main road extending straight north and south, with branch roads turning to the east and west. The distance from the intersection of the east branch to that of the west branch with the pavement is about 330 feet.

Respondents' version is that Dahl came to a complete stop at the point where traffic turned left into the west fork of the Lucan road. There were three automobiles coming toward him. Two went straight west past him. The third car driven by one Stump turned off to the north on the east fork of the Lucan road. Then Dahl put his car in gear and started making a turn to the left and north.

Riding with Dahl was one Masterson. He testified that they looked to the east and saw no cars except the three mentioned; that the road was clear between the Dahl and the Stump cars and

beyond; and that it appeared that the turn could be safely negotiated. In starting, the Dahl car acted as if he put it in second instead of in low gear. Dahl turned northeasterly and had driven a distance of about 55 to 65 feet when the collision with the car driven by Collette occurred. The front of the Dahl car was then off the pavement.

Masterson said that they did not see the Collette car before Dahl started to make the turn. Collette was somewhere behind the Stump car, but the evidence does not show just where. Collette testified that he did not see the Stump car ahead of him, although he does say that when he was farther back he saw the Dahl car coming from the west. The paved highway runs gradually upgrade for about one-half mile east from the intersection and then takes a dip of some four or five feet. There is evidence that, while in the dip, the view of cars from the east is obscured from those at the intersection.

There is evidence that at the time of the collision the Collette car was going between 80 and 90 miles per hour. He testified that he was going between 55 and 60 miles per hour. The exact speed of the Dahl car was not shown, but it was very slow and just starting to move. At the speeds stated, Collette could have driven from the dip in the road to the place of the collision in from 20 to 30 seconds.

Collette testified that he was already in the intersection in plain view of Dahl before he started to turn, that Dahl swerved first to the right and then suddenly to the left across his path so that the right front of Dahl's car hit the right front of his car.

Appellant's contention is that Dahl was guilty of contributory negligence as a matter of law for the reason that just prior to the collision defendant was coming toward Dahl in plain view, that it was then obvious to Dahl, if he had looked, that a collision was certain if Dahl attempted to cut across in front of him, and that with the knowledge which Dahl must have had of the then dangerous situation he drove recklessly across defendant's path in disregard of the apparent danger.

Reduced to its final analysis, appellant's argument that Dahl was guilty of contributory negligence is based on the claim that he failed to look effectively. The contention is that a party having good eyesight will not be heard to say that he looked at an approaching automobile in plain sight and that he did not see it when the physical facts demonstrate either that he did not look or that, if he did, he proceeded in reckless disregard of the danger of collision, citing cases like Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; and Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581. We do not deem it necessary to review the cited cases or distinguish them. It is enough to say that in Guthrie v. Brown, 192 Minn. 434, 437, 256 N. W. 898, 899, we said that in cases like Chandler v. Buchanan and Hermanson v. Switzer that "the plaintiffs, who were held negligent, heedlessly drove into an intersection without looking to their right. Their testimony that they did look and did not see defendants' cars, then in plain view and practically at the intersection, was rejected by this court." This comment applies also to DeHaan v. Wolff.

The facts which appellant assumes as the basis of its contention do not appear as a matter of law. As to such facts the evidence is conflicting. If respondents' version were adopted, Collette was not even visible when Dahl determined that it was safe to make the turn. Collette admits that he did not see the Stump car at that time. All this might be accounted for by the fact that Collette was then in the dip of the road. If Dahl started to turn when Stump was turning off the pavement, Collette was at that time some considerable distance in excess of 330 feet away from him. It might have appeared safe for Dahl to proceed in the one situation for the reason that Collette was not then in view and in the other for the reason that Collette was so far distant at the time that the turn could be safely made. In either situation Dahl's alleged contributory negligence would be a fact question for the jury. In the first mentioned situation it is obvious that contributory negligence does not appear as a matter of law. The second situation is ruled by Guthrie v. Brown, 192 Minn. 434,

256 N. W. 898, in which we held that the plaintiff was not guilty of contributory negligence as a matter of law in driving across a rural intersection, where there was evidence to show that, when she started to cross, she saw defendant about 250 to 300 feet away to her right and it appeared safe to cross. Even if Dahl should be charged with having seen Collette somewhere east of the Stump car, he was not bound to anticipate that he would not slacken his speed or yield the right of way, which then was Dahl's. We think that the claim of contributory negligence as a matter of law cannot be sustained.

Affirmed.