## GEORGE C. HAYWARD v. TED VOLLBRECHT.[1]

July 12, 1940.

No. 32,371.

*Dell & Rosengren,* for appellant.

*Putnam & Carlson* and *Frankberg & Berghuis,* for respondent.

HOLT, JUSTICE.

Action for damages resulting from injuries received by plaintiff through the alleged negligence of defendant in

[1]Reported in 293 N. W. 246.

so driving his automobile that it collided with one driven by plaintiff. Verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied, and he appeals from the judgment entered.

The assignments of error on the motion for judgment in the court below, and in this court, are based upon the sole ground that the evidence establishes as a matter of law that plaintiff's negligence contributed to the collision. It is not needful to make a detailed account of the accident. Plaintiff and defendant were the only witnesses as to the actual collision. Plaintiff owned and was driving a Plymouth car and defendant a Ford. Shortly after noon on October 18, 1935, a bright day and roads dry, as defendant drove south on a north-and-south graveled county road near the city of Blue Earth plaintiff was driving east on a county dirt road intending to turn north on reaching the gravel road. Both roads were four rods wide with a 24-foot driveway running in the middle. The dirt road ends at the gravel road. There was a fence along the west line of the gravel road north of the intersection, and also along the north line of the dirt road. Brush and weeds along this fence made it difficult for travelers approaching this corner to see vehicles on the other road. Both roads were also graded down somewhat near the junction. For about 30 rods before striking the gravel road the dirt road is level. The gravel road north of the intersection runs upgrade to what is termed the crest of a hill, variously placed at 35 to 50 feet from the north line of the dirt road; thence running north there is a dip which at the lowest point, some 270 feet north of the north line of the dirt road, is about eight feet lower than the crest of the so-called hill. There is some uncertainty whether the measurements referred to were from the north line of the dirt roadway extended across the gravel roadway, or from the extension of the fence line on the north side of the dirt road across the gravel road. The two versions of the parties as to the collision are:

Plaintiff testified that when he, driving east upon the dirt road, came to the edge of the gravel on the gravel road, he stopped the car and looked to the north and to the south and saw no vehicle approaching upon the graveled road, then started his car in low gear, making a left turn around the center of the intersection, and, as he passed what he deemed the center line, shifted into second gear and was some feet north of the intersection and on the east side of the gravel road when defendant ran his car into the left front of the Plymouth. He states that he saw the Ford as a blur or flash of something just a moment before the impact, when he "jerked" his car away to escape. Defendant testified that he was driving south at a speed of from 40 to 45 miles an hour; that he did not see nor did he know of the dirt road; that he did not see plaintiff's car until within 50 feet thereof as it shot around the corner—the fence corner—and he then veered to the left in an attempt to avoid striking plaintiff's car. Both cars spun around. Defendant's car came to rest some 15 or 20 feet north of the intersection and on the east side of the gravel road, headed north or northeasterly. Plaintiff's car was thrown backward and over the easterly ditch, headed south. The evidence is that most of the broken glass from the collision was some 15 feet north of the intersection, and most of it on the easterly part of the gravel road.

Defendant's counsel in the brief and the oral argument with meticulous care dwells on that part of the evidence from which an inference of negligence on plaintiff's part may be drawn. It is a singularly strong jury argument. But that is not enough now to reverse a judgment entered on a verdict approved by the trial court. It is necessary that there be found in the evidence facts which demonstrate plaintiff's evidence to be false wherein he testified that he stopped his car on the south lane of the dirt road before attempting to turn north onto the gravel road and that he saw no vehicle approaching from the north; that his view

of the gravel road to the north was then unobstructed to the crest of the hill, a distance which he estimated to be 100 feet. In determining whether this testimony was demonstrably false, or that defendant's car was within plaintiff's sight, had he looked with such care as an ordinary person would have, there must be taken into account the eight-foot dip in the gravel road and the crest of the hill between that dip and plaintiff's then position as he stopped his car to look. Defendant's testimony does not conclusively refute that of plaintiff's in any particular. Plaintiff was corroborated in that his car was still in second gear after the collision, and in that the broken glass was mostly on the east side of the gravel road and several feet north of the north line of the dirt road extended. We think the issue of plaintiff's contributory negligence was clearly for the jury and that the trial court rightly refused to direct a verdict for defendant and properly denied the motion for judgment notwithstanding the verdict.

Of the cases relied on by defendant where judgment notwithstanding the verdict was sustained, these relate to automobile collisions in intersecting city streets: Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Underdown v. Thoen, 193 Minn. 260, 258 N. W. 502. These cases and some others are discussed in Duncanson v. Jeffries, 195 Minn. 347, 350, 263 N. W. 92, where the evidence was held to make the contributory negligence of the plaintiff, of the car involved in a collision at an intersection of two highways, a fact issue for the jury. In the case of Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581, plaintiff was held to have been guilty of contributory negligence as a matter of law, principally upon his own testimony that he looked west and did not see the truck then moving toward the intersection when other testimony demonstrated that he had a clear and unobstructed westward view of the highway upon which the truck was moving for all of half a mile. We think the case at bar is much like

those of Duncanson v. Jeffries, *supra,* and Dahl v. Collette, 206 Minn. 604, 289 N. W. 522, in each of which the collisions involved occurred upon highway intersections and the plaintiff's alleged contributory negligence was held for the jury and not the court.

Judgment affirmed.