ZITELLA AND WILLIAM NEUBARTH v. JOHN C. FINK.[1]

April 4, 1941.

No. 32,607.

*Philip L. Scherer,* for appellants.
*Freeman & King* and *Arthur B. Geer,* for respondent.

HILTON, JUSTICE.

The present controversy arose out of a collision between two automobiles in the forenoon of August 8, 1938, on an intersection southwest of the city of Winthrop. This appeal presents for review the action of the trial judge in directing a verdict for defendant at the conclusion of all the evidence upon the ground that plaintiff was guilty of contributory negligence as a matter of law. The only question for decision is whether that issue should have been submitted to the jury.

The accident occurred at the place where trunk highway No. 15, a north-south highway on which defendant was driving north, in-

[1]Reported in 297 N. W. 171.

tersects at right angles an east-west highway, running parallel with the south limits of the city of Winthrop, on which plaintiff was proceeding west. No. 15 is a through highway protected from side traffic by stop signs. Apparently the trial court took the case from the jury upon the ground that the evidence was conclusive that plaintiff failed to stop before entering the intersection but instead drove recklessly into the crossing in disregard of defendant's presence. Defendant advances Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, and supporting authority as justification for the action of the trial judge.

Plaintiff claims that having obeyed the command of 3 Mason Minn. St. 1940 Supp. § 2720-198, by stopping before entering the intersection of a "thru highway," she then had the right of way, since there were no other cars in the intersection or so close as to constitute an "immediate hazard." Our examination of the evidence persuades us that plaintiff was entitled to jury consideration of this contention. Cf. Blom v. Wilson, 209 Minn. 419, 296 N. W. 502; Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848; Norling v. Stempf, 208 Minn. 143, 293 N. W. 250.

Reasonable men, acting judicially, might have concluded that while proceeding west toward No. 15 at a speed of 15 to 20 miles per hour, plaintiff stopped opposite a stop sign located 42½ feet east of the highway. After looking south, where she had unobstructed vision for 225 feet, she looked north and, seeing no cars coming from either direction, shifted into low gear and drove into and substantially across the intersection before being struck by defendant's car entering from the south. At the point of impact, plaintiff's car was over the center line of No. 15. Her left rear fender and wheel were struck by the defendant's left front fender and bumper. Until immediately before the crash when "I turned backward and there he was," plaintiff had not seen the defendant. From the impact, plaintiff's car was propelled end around in a semicircular motion, as evidenced by skid marks on the pavement, and came to rest upright, facing east, on the northwest

corner of the intersection. After the collision the defendant's car continued north on No. 15 some 65 or 70 feet and then tipped over on its side in the middle of the pavement.

Relative to defendant, the jury might have found that about 611 feet south of the intersection, where a 30-mile per hour zone sign was posted, he overtook and passed a truck going about 30 miles per hour. The driver of this truck estimated that defendant was going "at least 50" miles per hour. Even defendant admitted a speed of 40 miles per hour at that point but made the claim that he slowed up going into the intersection. However, the jury might have concluded that defendant, in violation of 3 Mason Minn. St. 1940 Supp. § 2720-178(b), was speeding at the time of the collision. Dahl v. Collette, 206 Minn. 604, 289 N. W. 522; Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848.

Defendant's version of the facts might well justify the action of the trial court. This shows plaintiff, without heeding an obligation to stop before entering a through highway, recklessly driving into the intersection and obstructing the passage of an automobile then in plain sight. Failure to see the defendant under those circumstances would not absolve plaintiff from a charge of contributory negligence as a matter of law. Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581.

But, as we have pointed out, this was only one version of the facts. The jury might have found plaintiff, exercising the prudence of a reasonable person under the circumstances, stopping for the stop sign, making reasonable observations, shifting into low gear, and proceeding into the highway. Certainly it must appear that if plaintiff stopped and saw no cars coming from the south for a distance of 225 feet there was at least a jury question whether she entered the intersection in an exercise of the statutory right of way. If the jury so found, then they might further have concluded that a safe passage was made impossible by de-

fendant's unanticipated speed from a place beyond the range of her vision. Dahl v. Collette, 206 Minn. 604, 289 N. W. 522; Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253. Until discovering defendant's negligence, plaintiff had a right to assume that her right of way would be respected. Pearson v. Norell, 198 Minn. 303, 269 N. W. 643. Defendant's contention that he was in plain sight at or near the intersection, while somewhat supported by one witness, was not so demonstrably established by physical facts or otherwise that the doctrine of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, was applicable. That plaintiff made no further lookout after leaving the stop sign, though a point to be considered by the jury, was not such want of due care as would authorize the action of the trial court. Norling v. Stempf, 208 Minn. 143, 293 N. W. 250; Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253.

The only further point is whether, as defendant insists, the great preponderance of the evidence is against plaintiff's claim that she stopped for the stop sign. For this preponderance reliance is placed upon four witnesses. Of the four, two of them, defendant and wife, were certainly interested; a third had her back turned to the intersection at the moment of collision although she had seen plaintiff pass by; and the fourth based his statement that plaintiff did not stop upon observations made through a rear vision mirror as he was driving away from the intersection. Though such testimony would have supplied a basis for a jury finding against the plaintiff, it did not conclusively establish that her presence on the highway at the time of the collision was a breach of duty of reasonable care for her own protection. Sankiewicz v. Speckel, 209 Minn. 528, 296 N. W. 909.

The record contains plaintiff's positive assertion, unshaken on cross-examination, that she did stop, made proper observations, and entered the intersection in such fashion as would have permitted a safe crossing but for defendant's unanticipated speed. Corroboration for this view is supplied by the skid marks, the way in which the cars collided, the location of the cars after the acci-

dent, and the fact that plaintiff's car was found to be in low gear after the collision. Clearly, this is not one of those rare cases where reasonable men could not differ as to the propriety of plaintiff's conduct.

The order under review is reversed with directions to grant a new trial.

So ordered.