# ELAINE LAPIDES, A MINOR, BY HENRY LAPIDES, HER FATHER AND NATURAL GUARDIAN, v. MRS. H. C. WAGENHALS.

173 N. W. (2d) 334.

December 26, 1969—No. 41771.

*Schermer, Gensler, Borkon & Ramstead* and *Roy A. Schwappach,* for appellant.

*King, MacGregor & Lommen* and *Norman W. Larsen,* for respondent.

Heard before Nelson, Murphy, Sheran, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

This appeal involves a negligence action arising out of an automobile collision on November 10, 1964, at a street intersection. Plaintiff appeals from an order denying her motion for a new trial on the issue of damages or for a new trial on all issues.

Plaintiff-appellant, Elaine Lapides, a minor, through Henry Lapides, her father and natural guardian, claims that at about 7:15 p. m. on said date she was a passenger in a vehicle being driven by Ira M. Schwartz (now her husband) in an easterly direction on Duluth Street in Golden Valley, Minnesota, at the point where Winnetka Avenue and Duluth Street intersect. At the same time and place, defendant, Mrs. H. C. Wagenhals, was operating her vehicle in a northerly direction on Winnetka Avenue in an allegedly careless, reckless, and negligent manner

so as to cause it to collide with Schwartz' vehicle and injuring plaintiff.

Defendant in her answer specifically denied that she was negligent in the operation of her automobile and alleged that if plaintiff or Schwartz were injured or damaged it was the result of the negligence of Schwartz or plaintiff, the result of risks and hazards which were open and obvious to plaintiff and assumed by her, or the result of an unavoidable accident.

It appears from the testimony that Winnetka Avenue is a through street running in a north-south direction, is black-topped, and is slightly upgrade for northbound traffic. Duluth Street runs east and west, is a bit wider than Winnetka, and west of Winnetka has a concrete surface. West of the intersection, it is upgrade 2 to 3 percent. The speed limit for Winnetka is 35 miles per hour. Duluth Street traffic crossing Winnetka is governed by through stop signs. There is dispute over whether or not the stop sign governing Schwartz' vehicle was in place at the time of the accident.

At the time of the accident it was dark outside, there was less than ideal light at the intersection, and it was raining, necessitating the use of windshield wipers. The headlights of defendant's vehicle were on, but there is conflict over whether or not Schwartz' vehicle had its lights on. Testimony of Ira Schwartz indicates that he had his lights on, while defendant said she saw none, and defendant's husband said the lights of Schwartz' car were not on when he arrived at the scene. The conflict in the testimony may be resolved in favor of the prevailing party pursuant to the jury's verdict.

Defendant, proceeding north on Winnetka Avenue at less than 30 miles per hour, knew she was on a through street. She testified that she did not see plaintiff's vehicle as it entered the intersection from her left. The record indicates that plaintiff did not see defendant's vehicle before Schwartz' vehicle was in the intersection, at which time defendant's vehicle was "a couple car lengths or a little bit further" away from Schwartz' vehicle.

Schwartz testified that he approached Winnetka Avenue and stopped for a "second or two," looked and saw nothing, then moved closer to be about even with the "through street of Winnetka," looked again, but still did not see defendant. His testimony is that he first saw defendant's headlights three to four car lengths away after he had entered the intersection. He estimated a car length to be 16 to 17 feet. The collision took place when Schwartz' vehicle was at least halfway into the southeast quarter of the intersection.

1. The test in determining one's right to a directed verdict was set out by Mr. Justice Knutson in Minder v. Peterson, 254 Minn. 82, 86, 93 N. W. (2d) 699, 703:

"Plaintiff's right to a directed verdict must be tested in the light of well-established rules of law that a motion for a directed verdict presents a question of law only. It contemplates, for the purposes of the motion, the credibility of the evidence for the adverse party and every inference which may fairly be drawn from such evidence. When the motion is made on the ground of a manifest preponderance of the evidence, it should be denied if different persons might reasonably draw different conclusions from the evidence."

It is our view that the evidence is sufficiently in conflict that reasonable minds might reach different conclusions from it. There is dispute over the grade of the streets on which the parties were proceeding. The lighting and atmospheric conditions in the area were such that reasonable minds might differ on the visibility afforded either driver. There may have been trees to the right of plaintiff. There is conflict over the distance the vehicles were from each other when they entered the intersection. If measured by the rule in Minder v. Peterson, *supra,* plaintiff had no right to a directed verdict.

Defendant claims that she had a right to rely upon her right-of-way, but plaintiff states that such reliance is immaterial. It is a well-settled principle that one proceeding on a through street,

approaching an intersection, is entitled to maintain the prima facie lawful speed and to rely on the driver on the intersecting road to obey the law and stop as required by Minn. St. 169.20, subd. 3, until he sees or should reasonably have seen otherwise. Kennedy v. Caudell, 277 Minn. 35, 151 N. W. (2d) 407; Schleuder v. Soltow, 239 Minn. 453, 59 N. W. (2d) 320. Whether or not Schwartz' vehicle to the left of defendant should or could have been seen by defendant as she approached the intersection was properly left to the jury. Pearson v. Norell, 198 Minn. 303, 269 N. W. 643.

2. Plaintiff contends that she is entitled to the benefit of the "look-and-not-see-that-which-is-in-plain-sight" rule. It appears that the main thrust of plaintiff's argument in this case is that defendant failed to see Schwartz' vehicle and thus is negligent as a matter of law. However, we think the record quite clearly discloses the existence of circumstances which could have justified defendant's failure to see Schwartz' vehicle. It was dark and raining at the time. Although defendant's headlights were on, there is question whether or not the headlights of the other vehicle were on. The streets, one of which was blacktopped, were wet and dark. The street on which defendant was proceeding had a slight incline, and there was also a 2- to 3-percent grade on Duluth Street.

It is true that earlier cases held that one who looks and does not see that which is in plain sight and which he might have seen is guilty of negligence as a matter of law. Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254. Later cases hold, however, that the question is one of fact for the jury, except where it is clearly apparent to all reasonable minds there were no circumstances on which to justify a failure to see. See, Abraham v. Byman, 214 Minn. 355, 8 N. W. (2d) 231; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327; Wagenhals v. Flint, 262 Minn. 326, 114 N. W. (2d) 641.

In Chandler v. Buchanan, *supra,* where the earlier rule was

set forth, the accident occurred in bright daylight. This case was distinguished, on the basis that lighting conditions alone were a sufficient reason for not applying the rule, in Forster v. Consumers Wholesale Supply Co. 174 Minn. 105, 218 N. W. 249, where the accident occurred at night.

3. This court now clearly holds that whether there are circumstances which excuse a failure to see and avoid an approaching vehicle is for the jury. Overly v. Troy Launderers & Cleaners, Inc. 196 Minn. 413, 265 N. W. 268. Whether or not defendant effectively maintained a proper lookout is also a question for the jury. See Duncanson v. Jeffries, 195 Minn. 347, 263 N. W. 92, which distinguishes the cases setting forth the earlier rule of law relied upon by plaintiff.

4. We conclude that the trial court did not err in refusing to direct a verdict on the grounds that defendant was guilty of negligence which was the proximate cause of the accident. The evidence establishes the existence of circumstances which could justify defendant's failure to see the vehicle in which plaintiff was riding. Therefore, under those circumstances, the court properly refused to enter into the province of the jury by a determination of the facts. Those circumstances, in addition to defendant's reliance upon her statutory right-of-way and the fact that she had nothing to warn her of the presence of another automobile that would illegally enter her lane of travel, clearly, we think, justified submitting all questions concerning defendant's conduct to the jury.

Affirmed.