STATE v. JOSEPH JOHNSON AND ANOTHER.[1]

April 12, 1918.

No. 20,839.

**Criminal law — sale of intoxicating liquor — evidence admissible.**

There were no reversible errors in the rulings upon the admission of evidence nor in the charge.

William Johnson and another were indicted by the grand jury for the crime of keeping intoxicating liquor for sale. William Johnson was tried in the district court for Polk county before Watts, J., and a jury which convicted him of the crime charged in the indictment. From an order denying his motion for a new trial, defendant apealed. Affirmed.

*W. E. Rowe,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *G. A. Youngquist,* County Attorney, for respondent.

[1]Reported in 167 N. W. 283.

TAYLOR, C.

Defendant William Johnson was convicted of keeping intoxicating liquor in the city of Crookston for the purpose of sale in violation of the county option law, and appealed from an order denying a new trial.

Defendant William Johnson, who will hereafter be designated as the defendant, operated a pool hall in the city of Crookston in which he employed his brother, Joseph Johnson, and other persons. The witnesses, Palmquist and Spiering, testified that they went to this pool hall together, and that both purchased whiskey which was served to them by defendant. At the trial Palmquist identified defendant as the man who sold the liquor. On cross-examination he admitted that he had told defendant's counsel, before the trial, that he was not sure but to the best of his recollection defendant was the man. On redirect examination he was asked: "Is there any doubt in your mind as to whether this defendant, William Johnson, is the man who sold you the whiskey?" To which he replied: "Absolutely none." It developed that Palmquist was an employee of the Pinkerton Detective Agency who had been sent to Crookston to procure evidence against violators of the liquor law, and he was permitted to testify that he was paid a regular salary. At the trial Spiering identified defendant as the man who had sold him the whiskey, but admitted on cross-examination that he had previously seen defendant in the corridor of the court house and had then said that he could not identify defendant as the man. He further admitted stating that a man whom he had seen driving an automobile was the one from whom he had purchased the liquor. The driver of the automobile appears to have been defendant's brother, Joseph Johnson. On redirect examination Spiering was asked: "What, Mr. Spiering, was your understanding at that time of the identity of the two?" He replied to the effect that he did not then know that there were two Johnsons, but that when he saw Joseph Johnson on the morning of the trial he knew that Joseph was not the man. Defendant contends that the admission of these three items of evidence was error, but we find nothing in them which would warrant a reversal.

Defendant also complains of the charge to the jury as argumentative. It went no further in this respect than the charge criticised, but held not ground for reversal, in State v. Kearns, 139 Minn. 89, 165 N. W. 480; and in this case, as in that, the jury were clearly instructed that they

were the exclusive judges of all questions of fact, that the defendant was presumed to be innocent until proven guilty, and that to justify a conviction his guilt must be proven by the evidence beyond a reasonable doubt. Following that case we hold that the statements complained of, while objectionable, are not sufficient ground for a reversal.

Defendant also insists that the court erred in charging the jury to the effect that, if some other person working for defendant sold the liquor, yet if it was kept upon the premises for the purpose of sale with the knowledge of defendant, this would constitute the offense. The correctness of the statement as a proposition of law is not questioned, but defendant urges that it was improper because there was no evidence tending to prove a sale by any person other than himself. Conceding this to be true, the statement of a proposition of law, not applicable to the facts of the case, is not reversible error, unless it would tend to mislead or confuse the jury; and we find nothing in the present case which would warrant an inference that this statement resulted to the prejudice of defendant. The offense charged was the keeping of the liquor for the purpose of sale, and if defendant kept it upon the premises for that purpose the offense was complete. The proof of sales was merely an item of evidence to show the purpose for which the liquor was kept, and, if sales were made with the knowledge of defendant, it is immaterial whether they were made by him personally or by an employee.

Order affirmed.