## CLARENCE HARDY v. MILO ANDERSON.[1]

March 26, 1954.

No. 36,129.

[1]Reported in 63 N. W. (2d) 814.

*Lewis, Hammer, Heaney, Weyl & Halverson,* for appellant.
*Ryan, Ryan, Ryan & Ebert,* for respondent.

MATSON, JUSTICE.

Defendant appeals from an order denying his motion for judgment notwithstanding the verdict or a new trial.

■ Disappointing as it may be to an appellant, conflicts in evidence are to be resolved upon appeal by stating the controlling facts as the jury, in the light of the whole evidence, reasonably could and must have found them in arriving at its verdict. An appellate court cannot depart from this elementary rule even though it would have found the facts to be otherwise if it had tried the case *de novo*. We, therefore, state the facts in the light most favorable to the verdict. On January 1, 1952, at about 2:30 o'clock in the morning, defendant was driving easterly on that portion of Washington street which lies between Ninth and Tenth streets in the city of Brainerd. He was taking home his wife and two of her friends who had been working at a night club west of town. A short distance behind the defendant, plaintiff, accompanied by his nephew, was driving his automobile in the same direction. In this block, Washington street is 50 feet wide with a concrete slab 20 feet wide down its center. Between the concrete slab and the curb on each side, the street is covered with tarvia. There were four icy tracks or ruts, one pair being used by eastbound traffic and the other by westbound vehicles. Both plaintiff and defendant were traveling in the eastbound tracks. About 75 feet from the corner of Tenth street and Washington street defendant stopped in the eastbound tracks to let off one of his passengers. The left half of his car was on the concrete and the other half on the tarvia. It is admitted that defendant, before stopping, could have driven his car out of the ruts and through the snow to the curb.

Within seconds after defendant stopped, plaintiff's car collided with the rear of defendant's vehicle. Immediately prior to the collision plaintiff was driving with his lights on at a speed of about 20 miles per hour. It was snowing and the temperature was below freezing. During the preceding three or four hours wet snow had fallen which covered the icy streets to a depth of two to four inches. There was testimony, which the jury could reasonably accept as true, that the rear of defendant's car, including the taillights, was so

covered with snow that plaintiff could not see it until he was only 30 feet away. Then its presence was first disclosed by the opening of the car door and the stepping out of defendant's passenger. Upon the conflicting evidence the jury could conclude that plaintiff was not intoxicated. Under all the surrounding circumstances the jury could reasonably find that plaintiff, although his car was equipped with good brakes and proper lights and although he was otherwise proceeding in the exercise of due care, could not avoid colliding with defendant's car which defendant had negligently stopped in the middle of the street and that as a direct and proximate result of defendant's negligence plaintiff, without contributory negligence on his part, sustained personal injuries as well as damage to his car.

■ This case is clearly distinguishable from Orrvar v. Morgan, 189 Minn. 306, 249 N. W. 42, wherein plaintiff, who had collided at night with a stalled truck, was held to be contributorily negligent as a matter of law for failure to see the truck *when there were no existing conditions or surrounding circumstances which prevented plaintiff from seeing the truck and from avoiding the collision if he had seen it.* In the present case the jury could reasonably find that plaintiff's vision was obscured by the snow which covered defendant's automobile and caused it to blend with the surrounding street surface and that plaintiff, after he did see defendant's car, was prevented by the icy and slippery conditions of the road surface from bringing his car to a stop before the collision occurred. A litigant before seeking reversal on the ground of contributory negligence as a matter of law should always bear in mind that a driver's conduct which under normal circumstances would constitute negligence as a matter of law may, nevertheless, give rise to a question of fact *when surrounding conditions and circumstances exist* which obscured the vision of such driver and prevented him from making a timely discovery of the impending danger or which prevented him from stopping his automobile after the danger had been discovered.

Although plaintiff's contributory negligence was an issue for the jury, there are other alleged errors to be considered which relate to the exclusion from evidence of a photograph of the scene of the accident, instructions to the jury, possible prejudice from remarks

482

of plaintiff's counsel to the jury, and the allowance of excessive damages.

■ The trial court sustained an objection to defendant's attempt to introduce into evidence a photograph of the *locus in quo* which had been subsequently taken and did not accurately portray the conditions of the road surface when the accident occurred. It was offered in evidence only for the limited purpose of depicting the physical surroundings, such as the location of light posts, and not as a portrayal of the road surface. Although a photograph of the *locus in quo* does not reflect conditions identical in every detail with those existing at the time of the accident, it may, nevertheless, be admitted into evidence for an expressly limited purpose if, as to such limited purpose, it is a helpful and accurate illustration and further if, in the discretion of the trial court, its admission will not be misleading or prejudicial as to those conditions which it does not portray accurately.[2] The admission into evidence of photographs rests largely in the discretion of the trial court. No prejudicial error occurred in the instant case from the exclusion of the photograph. Aside from the street surface, the physical conditions of the accident scene were adequately established by other competent evidence, and the trial court could reasonably conclude that the photograph's legitimate evidentiary value was relatively slight when weighed against the possibility that if it were admitted into evidence it might prejudicially mislead the jury as to the condition of the street surface.

■ Assuming that defendant's car had been stopped from 30 seconds to a minute before the collision; that as a result defendant's failure to give an effective signal to stop could not have been a proximate cause of the accident; and that therefore it was error for the trial court to read to the jury as part of its charge the

---

[2]Bimberg v. N. P. Ry. Co. 217 Minn. 187, 14 N. W. (2d) 410. As to the admission of photographs generally, see Lentz v. M. & St. P. S. R. Co. 135 Minn. 310, 160 N. W. 794; State v. DeZeler, 230 Minn. 39, 41 N. W. (2d) 313, 15 A. L. R. (2d) 1137; LaCombe v. Minneapolis St. Ry. Co. 236 Minn. 86, 51 N. W. (2d) 839; 3 Wigmore, Evidence (3 ed.) § 792; 7 Dunnell, Dig. (3 ed.) § 3260; 20 Am. Jur., Evidence, § 727.

abstract provisions governing the manner of signaling a stop, we cannot here say such error was prejudicial. Although it is error to include in the charge abstract statements of law which have no application to the facts of the case, such inclusion is not reversible error unless it tends to mislead or confuse the jury.[3] The portion of the charge relating to the manner of signaling a stop was but a part of a statement of the statutory rules of the road for the general guidance of the jury and did not emphasize that a failure to give such signals was an evidentiary factor of importance.

There was no evidentiary issue as to defective lights on plaintiff's car and it was therefore not error to deny a request for an instruction as to the provisions of M. S. A. 169.60(3) relating to proper motor vehicle lights. There was no evidence which could have justified the jury in finding contributory negligence on the part of the plaintiff by reason of any violation of the statute governing proper lights.

The trial court did not abuse its discretion in denying a new trial on the ground that passion and prejudice was engendered by the argument of plaintiff's counsel to the jury. Many of appellant's allegations of improper argument relate to alleged omissions in stating the applicable law with completeness or to the propriety of inferences of fact to be drawn from the evidence. In arguing to the jury it is elementary that counsel is entitled to present his client's case forcefully and fairly, and his efforts are not to be crippled by compelling him to run a course of technical hazards either when he draws factual inferences from conflicting evidence or when he applies the law to the facts as he, as an advocate, sees them. Although he may not strike foul blows, he may strike hard blows which are not always technically correct. Except in extreme cases, errors and omissions of counsel in discussing the applicable law or in the drawing of factual inferences are cured when the jurors are expressly instructed—as they were here—that they are the exclusive judges of the facts and that their recollection of the

---

[3]State. v. Johnson, 140 Minn. 73, 167 N. W. 283; Braley v. Byrnes, 21 Minn. 482, 485; Blackman v. Wheaton, 13 Minn. 299 (326); 5 Dunnell, Dig. & Supp. § 7172; 53 Am. Jur., Trial, § 573.

facts must prevail over any contrary contentions of counsel and further that they must take and apply the law as given by the court and not as presented by counsel.

Defendant in his argument to the jury said that undoubtedly, opposing counsel would argue that plaintiff was not drunk because the police officers didn't haul him away. In the light of this express invitation to so argue, defendant cannot complain of plaintiff's argument of the same tenor. We have not overlooked that in many other respects it is contended that plaintiff's argument was prejudicial such as references to the failure of defendant to present certain testimony which the latter insists was not available. No purpose will be served in enumerating all the alleged errors. We have, however, examined both arguments as a whole and find no ground for a reversal. It is to be borne in mind that a new trial for prejudicial argument is granted only to prevent a miscarriage of justice and that whether a new trial is to be granted therefor rests in the discretion of the trial court whose decision thereon will on appeal be reversed only for a clear abuse of discretion.[4]

The jury awarded plaintiff a verdict of $6,500. Was the award excessive? Plaintiff sustained special damages of $476. As a result of the accident he sustained a cut of the upper lip which left a visible and permanent transverse scar about two-thirds of an inch long and which also caused an injury to the muscle and nerve of the lip whereby plaintiff suffers from an involuntary and periodic twitching of the lip and also a numbness which is in all probability permanent. In addition plaintiff sustained an injury to his abdominal wall and muscles which, according to uncontradicted medical testimony, caused a permanent separation of the *rectus abdominus* muscles for a distance of three inches longitudinally. A moderate hernia has resulted. By reason of this condition plaintiff will experience pain whenever he lifts or strains himself. At the time of the accident plaintiff was 37 years old and had a life expectancy of 31 years. His regular occupation is the operation of a big band saw

---

[4]Smith v. Barry, 219 Minn. 182, 17 N. W. (2d) 324; Nelson v. Twin City Motor Bus Co. 239 Minn. 276, 58 N. W. (2d) 561; 5 Dunnell, Dig. & Supp. § 7102.

in a railroad shop for the resawing of lumber and big timbers, which he is required to handle. Although plaintiff has not lost time from his work, we cannot say, in view of the permanency of his injuries and the resulting inconvenience and pain which these injuries are likely to cause, that the verdict was excessive.

The order of the trial court is affirmed.

Affirmed.

