# LeROY M. WALLACE v. JOHN NELSON.

178 N. W. (2d) 698.

June 26, 1970—No. 42139.

*Gordon Rosenmeier* and *John E. Simonett*, for appellant.
*Ryan, Ryan & Ebert,* for respondent.

MURPHY, JUSTICE.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict or for a new trial in an action arising from a motorcycle-automobile collision. Defendant, John Nelson, contends that the verdict is not justified by the evidence; that excessive damages were awarded; that the verdict was influenced by passion and prejudice and misconduct of counsel.

Viewing the evidence in the light most favorable to the verdict, it appears that plaintiff, LeRoy M. Wallace, accompanied by his friend, Gary Anderson, drove his motorcycle from Minneapolis to Little Falls, Minnesota, on June 24, 1967. Near Little Falls, Anderson borrowed a motorcycle from an acquaintance, and the two proceeded north toward Brainerd on Highway No. 371 at about 9:30 p. m. The night was free from fog or precipitation. Plaintiff followed his companion by a distance of from 40 to 50 feet at a speed of about 40 to 45 miles per hour. Plaintiff was operating a large, 4-cycle motorcycle and testified that it was in good condition. It was equipped with a single-beam headlight, and while there was no scientific data submitted as to its luminosity, plaintiff stated that the headlight would light up a distance of about one city block for the width of the highway. The handle bars were between 2 1/2 to 3 feet wide and extended out beyond the body of the cycle.

Defendant, who lived in Little Falls and was plaintiff's roommate, had shortly before driven his automobile north on the same highway. About 3 miles south of Brainerd, the left rear tire of his car went flat. He pulled over to the right shoulder of the highway and parked his car. His left rear wheel was about 9 inches off the paved portion of the highway when he stopped. He removed a spare tire from the trunk and then went to the right side of his automobile in search of a screwdriver. While he was doing so, plaintiff came alongside the parked automobile and collided with the left door which protruded onto the pavement. Although a highway patrolman, who arrived at the scene of the accident about 15 minutes later, testified that the parking lights on the car were lit, the jury apparently believed the version given by plaintiff and his companion, Gary Anderson, that, at the time of the accident, the lights were not on. In addition, the officer testified that defendant was "staggering drunk."

■ The negligence of defendant is not seriously contested. The principal thrust of his claim of error is that plaintiff was contributorily negligent in blindly driving into the side of a parked car which was plainly visible. He argues that plaintiff "makes no suggestion why he did not see it. He simply runs into it. If he had seen it, he could easily have avoided a collision by simply leaning his body to his left and turning his cycle out a foot or two." Defendant relies upon the so-called "look-and-not-see" rule of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, and argues that, because plaintiff failed to see what was in plain sight, he is negligent as a matter of law and that the court erred in denying the motion for judgment notwithstanding the verdict. Defendant presents a persuasive argument on the facts to the effect that plaintiff failed to observe that degree of watchfulness which an ordinary man of reasonable prudence would maintain for his own safety and the safety of others under existing conditions. He relies upon Chandler v. Buchanan, *supra,* and Daugharty v. Anderson, 275 Minn. 371, 147 N. W. (2d) 378.

It must be conceded that the degree of care which an operator

of a motor vehicle must exercise in fulfillment of his duty to maintain an adequate lookout varies with the circumstances, and the issue of contributory negligence must depend upon the particular facts. While defendant may derive some comfort from Gordon v. Pappas, 227 Minn. 95, 34 N. W. (2d) 293; Schubitzke v. Minneapolis, St. P. & S. S. M. R. Co. 244 Minn. 156, 69 N. W. (2d) 104; and Chandler v. Buchanan, *supra,* the more persuasive authorities support an affirmance. In Faust v. Przybilla, 247 Minn. 420, 77 N. W. (2d) 737, the issue of contributory negligence was discussed in connection with a collision between a plaintiff operating a motorcycle and a truck parked on an angle which in the darkness of the night effectively blocked the right-hand lane in which the plaintiff was traveling. Holding that there was no contributory negligence, we said (247 Minn. 424, 77 N. W. [2d] 739):

"* * * As we stated in Hardy v. Anderson, 241 Minn. 478, 481, 63 N. W. (2d) 814, 817:

" "* * * A litigant before seeking reversal on the ground of contributory negligence as a matter of law should always bear in mind that a driver's conduct which under normal circumstances would constitute negligence as a matter of law may, nevertheless, give rise to a question of fact *when surrounding conditions and circumstances exist* which obscured the vision of such driver and prevented him from making a timely discovery of the impending danger * * *.' "

The court considered the following factors to negate such a finding as a matter of law (247 Minn. 424, 77 N. W. [2d] 739):

"* * * From the evidence before it the jury could reasonably find that, because of the color of the unlighted truck, the absence of lights, flares, and warning devices, its location just south of the crest of a hill on a pronounced descending slope beyond the circle and area illuminated by the street light in the middle of the block, and its failure to cast a shadow, it was especially difficult to detect, particularly since it had a tendency to blend in with

the color of the street; that, even though plaintiff's headlight clearly met the statutory standard, because of the peculiar circumstances, conditions, and lighting facilities existing at the place where the collision occurred, plaintiff was unable to discover the impending danger in time to avoid the accident."

Under circumstances where, during a drizzle in late evening, a plaintiff drove his automobile into the rear of a truck which had only one dimly-lit clearance light, we held, in Lee v. Smith, 253 Minn. 401, 92 N. W. (2d) 117, that he was not guilty of negligence as a matter of law. Our most recent discussion of the subject is found in Lapides v. Wagenhals, 285 Minn. 403, 407, 173 N. W. (2d) 334, 336. Although that case dealt with an intersection situation, the authorities bearing upon the "look-and-not-see-that-which-is-in-plain-sight" rule are discussed. We pointed out that, although earlier cases had strictly applied this rule (Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; Chandler v. Buchanan, *supra*), later cases (Abraham v. Byman, 214 Minn. 355, 8 N. W. [2d] 231; Ranum v. Swenson, 220 Minn. 170, 19 N. W. [2d] 327; Wagenhals v. Flint, 262 Minn. 326, 114 N. W. [2d] 641) held that the issue presents a question of fact for the jury "except where it is clearly apparent to all reasonable minds there were no circumstances on which to justify a failure to see." We concluded (285 Minn. 408, 173 N. W. [2d] 337):

"This court now clearly holds that whether there are circumstances which excuse a failure to see and avoid an approaching vehicle is for the jury. Overly v. Troy Launderers & Cleaners, Inc. 196 Minn. 413, 265 N. W. 268. Whether or not defendant effectively maintained a proper lookout is also a question for the jury. See Duncanson v. Jeffries, 195 Minn. 347, 263 N. W. 92, which distinguishes the cases setting forth the earlier rule of law relied upon by plaintiff."

While the issue raised by defendant as to the alleged contributory negligence of plaintiff is a close one, we must confess to the reluctance of an appellate court to second-guess a jury and to

say they are wrong as a matter of law under circumstances where there are facts and inferences which lend support to the reasonableness of their findings, and this is true even though we might affirm a contrary result in the court below under the same state of facts. Here, plaintiff had a right to assume that defendant would obey applicable traffic regulations; he had a right to assume that no vehicle would be stopped or parked upon the highway without lights or warning signals, as required by law; and until he discovered otherwise, he had a right to assume that the traveled portion of the pavement would be reasonably safe and would not be obstructed. The foregoing rules must be qualified by the observation that, while a person is not bound to anticipate a violation of law, he is not absolved from the duty to exercise reasonable care to observe the presence of, and avoid collision with, vehicles standing upon the road. 13 Dunnell, Dig. (3 ed.) §§ 6974a, 7022; Schmitt v. Emery, 211 Minn. 547, 2 N. W. (2d) 413, 139 A. L. R. 1242; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484.

The trial court was of the view that plaintiff's failure to observe the parked automobile with its protruding door did not result from plaintiff's failure to keep an adequate lookout; that under the circumstances plaintiff was preoccupied with observing the ever-present hazards of the roadway, including his position with relation to his companion motorcyclist, as well as traffic approaching from both directions. While the evidence would indicate that the traffic upon the highway did not present an imminent danger, yet we cannot say under the circumstances that plaintiff failed to use the proper degree of care, contrary to the jury's decision. Nor are we bound to agree, contrary to the findings of the jury, that the parked car was visible and in plain sight. In view of the time and place of the collision, which involved the significant element of the coloration of defendant's autmobile parked without lights in a background of darkness, we must accordingly conclude, as we did in Lapides v. Wagenhals, *supra*, that whether circumstances existed which excused

a failure on the part of plaintiff to observe the obstruction was a question for the jury to decide.

In his argument to the jury, plaintiff's counsel discussed the elements of damages and asked for an award in excess of $47,000. Defendant's counsel claimed surprise and asked for an instruction to the jury that plaintiff brought the suit for the sum of $15,000 or, in the alternative, for a mistrial. Following a conference in chambers, the court proposed and gave the following instruction:

"Now, in view of the arguments made by plaintiff's counsel on the issue of damages, you are instructed that the plaintiff, by his complaint filed in this action, claimed to have been damaged and sought recovery in the sum of $15,000.00. From the fact that the court so informs you of plaintiff's claim as the same was brought to court for trial, the jury is not to infer that plaintiff is entitled to recover such a sum or any sum in this action."

Counsel accepted the instruction. The jury returned a verdict of $16,362, which, on motion for a new trial or judgment notwithstanding, was reduced by the trial court to $13,000.

In addition to the foregoing, defendant claims prejudice because the record contained evidence of his intoxication and domestic difficulties. These circumstances have given rise to an assortment of claimed errors which include excessive damages resulting from passion and prejudice, as well as prejudicial conduct by plaintiff's counsel. Since these asserted errors were properly disposed of by the court during trial, an extended discussion of the precise legal issues could only be of academic interest. In disposing of the asserted errors, the trial court in his memorandum said:

"* * * An instruction, approved by both counsel, was given by the court on this aspect of the matter and unless the verdict is otherwise so excessive as to indicate passion or prejudice on the part of the jury, defendant has no basis for further complaint.

"* * * [T]he verdict [$16,362] while excessive is not so excessive as to indicate passion and prejudice. The only evidence to which defendant is able to point as a possible cause for any passion or prejudice is the evidence relating to his [defendant's] marital status and to his state of intoxication. As to the former, defendant's marital status was established upon his direct examination and, as to the latter, no claim is made that such evidence was not properly admissible. Certainly, on the record, no claim can be made that plaintiff's counsel made any appeal to passion and prejudice based upon either of these items of evidence."

With reference to damages, the court noted that "relatively minor injuries have resulted in substantial damages," but that—

"* * * they were such as to render plaintiff unable to continue the occupation for which he had been schooled and, as a consequence, he was required to change his type of work with a resulting loss of earnings. The evidence would support a finding by the jury that this loss of earnings continued up to the time of trial and was reasonably certain to continue in the future."

The trial court noted that the jury—

"* * * returned a verdict in an amount approximating one-third of the sum argued for, I would conclude that the argument was not very effective and that remittitur in the amount ordered herein will serve to deny to plaintiff any unfair advantage derived from such argument as well as more truly reflect the damages actually suffered by plaintiff."

It is settled law in this state that under our liberalized rules of pleading plaintiff is not limited to the amount stated in the complaint in the absence of extenuating circumstances which might prejudice defendant. Stephenson v. F. W. Woolworth Co. 277 Minn. 190, 152 N. W. (2d) 138. In that case, plaintiff recovered a greater amount than that asked for in his complaint. We there noted that under Rule 54.03, Rules of Civil Procedure, while a default judgment may not exceed the amount prayed for, every other judgment shall grant the relief to which the party

in whose favor it is rendered is entitled. In determining what circumstances will limit the application of the general rule, we alluded to limited insurance coverage as a factor to be considered in determining whether plaintiff's recovery may exceed the amount stated in his complaint. We noted (277 Minn. 197, 152 N. W. [2d] 145):

"We therefore hold that where a party chooses to sue for an amount that will or may deprive another party of a right he may have, the plaintiff is bound by such choice unless he takes action to amend his complaint within such time as will enable the defendant to assert the right which he has."

Here the only prejudice suggested was that at trial plaintiff claimed damages in excess of defendant's insurance coverage. The thrust of the Stephenson decision, as applied here, is to protect a defendant who is led to believe that recovery will not exceed his coverage. In the case before us, defendant's insurance was disclosed to be a $25,000/$50,000 policy, a coverage greater than the amount of damages alleged and less than the amount asked for in plaintiff's argument to the jury. Under the circumstances, it would appear that the trial court should have instructed the jury that the recovery would necessarily be limited to such policy limits in view of the fact that defendant might well have been prejudiced by plaintiff's failure to timely amend his claim for relief. However, the prejudicial consequences of this failure were eliminated by subsequent developments in the trial. The verdict, as returned, while somewhat in excess of the amount of relief demanded, was well within the policy limits and, as reduced by remittitur, was less than the amount demanded in the complaint.

When the asserted errors are viewed in the context of the entire record, we must conclude that no prejudice resulted from plaintiff's counsel's argument to the jury or from whatever deficiencies there may have been in the trial court's corrective instructions. Under the circumstances, the granting of a new

trial rested almost wholly in the discretion of the trial court. We cannot say that there was a clear abuse of that discretion. In any event, it is doubtful that a new trial, confined solely to these issues, would result in a different verdict. Sward v. Nash, 230 Minn. 100, 40 N. W. (2d) 828; Reese v. Ross & Ross Auctioneers, Inc. 276 Minn. 67, 149 N. W. (2d) 16; 14 Dunnell, Dig. (3 ed.) § 7099b.

Affirmed.