CATHERINE HART AND ANOTHER v.
THOMAS M. VOGT AND ANOTHER.

238 N. W. 2d 590.

January 9, 1976—No. 45268.

*Cousineau, McGuire, Shaughnessy & Anderson, Stephen W. Shaughnessy, Coulter, Nelson & Sullivan,* and *Mark Sullivan,* for appellant.

*Jardine, Logan & O'Brien* and *Jerre F. Logan,* for respondents.

Heard before Kelly, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Catherine Hart (Hart), individually and as trustee for the heirs of Lee Hart, decedent, appeals from a judgment and from an order denying her motion for a new trial. Lee Hart was killed in the crash of a light plane piloted by Thomas M. Vogt (Vogt). The jury found Vogt was not negligent. We affirm.

On November 8, 1972, the plane, owned and piloted by Vogt, crashed while he was attempting to land in Duluth. The crash was fatal to two passengers, Lee Hart and another person not a party to this litigation. The crash apparently resulted from the accumulation of over 3 inches of ice on the wings, causing the plane to lose lift. The plane did not have de-icing equipment and was not required by Federal air regulations to have such equipment. There is disputed testimony as to whether Vogt should have anticipated icing conditions over Duluth as a result of weather briefings he had received, but it is clear that Vogt himself observed a buildup of one-half to three-quarters of an inch of ice before attempting the fatal landing approach. Vogt had in the past made a controlled landing with over an inch of ice. It was Vogt's position at trial that he could not reasonably have foreseen that the ice would build up as rapidly as it did during the fatal landing approach and that his decision to attempt the landing was not negligent.

The case was submitted to the jury by special verdict. The jury found that Vogt was not negligent; never reached the question of proximate causation and the implicit issue of superseding cause; and found that plaintiff's total pecuniary loss was $175,000.

Hart contends: (1) That Vogt was negligent as a matter of law; (2) that the trial court erred in instructing on superseding cause and the emergency doctrine; (3) that the court erred in refusing to instruct on (a) res ipsa loquitur, (b) certain Federal

478

air regulations, and (c) the effect of the jurors' answers to the special interrogatories; (4) that the amount of damages is so insufficient as to indicate passion or prejudice of the jury; and (5) that denial of a request to bifurcate the final argument was prejudicial.

We have carefully reviewed the record and proceedings herein and conclude that none of the issues raised by Hart would justify overturning the verdict of the jury. The legal premises involved are adequately disposed of in other opinions of this court and there is no need to restate them again. Essentially, the question of Vogt's negligence was a factual question which was submitted to the jury with proper instructions and it is not our function to substitute our judgment for that of the jury even though we might affirm a contrary result. Wallace v. Nelson, 287 Minn. 438, 442, 178 N. W. 2d 698, 702 (1970).

Affirmed.