CALEDONIA COMMUNITY HOSPITAL AND ANOTHER v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND ANOTHER.

239 N. W. 2d 768.

March 5, 1976—No. 45690.

*Dunlap, Keith, Collins, Towey & Finseth, Robert R. Dunlap,* and *Richard W. Towey,* for appellants.

*Grose, Von Holtum, Von Holtum, Sieben & Schmidt, Harry A. Sieben, Jr.,* and *Jeffrey L. Flynn,* for respondents.

Heard before Peterson, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

ROBERT J. BREUNIG, JUSTICE.*

Defendant insurers appeal from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial after a jury verdict finding that the collapse of the east wing of plaintiff hospital was caused by an "explosion" within the policy coverage, even though the evidence was uncontroverted that the cause was external lateral pressure against the foundation of the north wall created by the moisture in the soil. Although we might not agree with the jury verdict, it was not unreasonable under the instruction given by the trial court. Since defendants do not object to that instruction, we affirm.

Defendants raise three issues. First, it is argued that the plaintiffs' loss is not covered because it is within an explicit "water exclusion." Second, assuming that exclusion inapplicable, defendants argue that the term "explosion" is unambiguous and that the trial court erred by in effect allowing the jury to interpret the term. Third, assuming the issue to have been properly submitted to the jury, defendants argue that the evidence is insufficient to support the verdict.

The water exclusion upon which defendants rely provides as here pertinent:

"This Company shall not be liable for loss caused by, resulting

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

from, contributed to or aggravated by any of the following—

\* \* \* \* \*

"(c)  water below the surface of the ground including that which exerts pressure on \* \* \* foundations, walls \* \* \* *unless loss by explosion as insured against hereunder ensues,* and then this Company shall be liable for only such ensuing loss." (Italics supplied.)

Of course, if the "unless" clause applies here, the water exclusion is not determinative. Defendants argue that the clause is not applicable because the word "ensues" connotes the occurrence of two separate events: (1) Loss directly caused by water pressure against the foundation, which occurred here and would be excluded, and (2) a subsequent or ensuing explosion causing further loss. However, we think the language equally susceptible to the interpretation that the explosion may ensue from the water pressure. The burden is upon defendants to prove that the exclusion applies. 13 Couch, Insurance 2d, § 48:139. Ambiguities are to be resolved against the insurer and in accordance with the reasonable expectations of the insured. 1 Couch, Insurance 2d, §§ 15.14, 15.16; Northwest Airlines, Inc. v. Globe Ind. Co. 303 Minn. 16, 26, 225 N. W. 2d 831, 837 (1975); Caspersen v. Webber, 298 Minn. 93, 98, 213 N. W. 2d 327, 330 (1973).

Since defendants did not prove that the water exclusion applies, the trial turned on whether plaintiffs' loss was caused by an explosion. The insurance policy did not define the term "explosion" except by enumerating several exclusions. Therefore, the function of the trial court was to define the term as a matter of law and submit to the jury the factual determination of whether under the definition given an explosion had occurred. Honeymead Products Co. v. Aetna Cas. & Surety Co. 275 Minn. 182, 194, 146 N. W. 2d 522, 529 (1966).

This court indicated in Honeymead that, at least where containers are involved, an explosion must be caused by an active *internal force* breaking out of confinement. A more recent Federal case, Pre-Cast Concrete Products, Inc. v. Home Ins. Co. 417

F. 2d 1323, 1327 (7 Cir. 1969), states that "a sudden and violent expansion, *internal or external,* may cause or become an explosion upon sudden release." (Italics supplied.) Because of this language from Pre-Cast Concrete Products and because the hospital wall was not a container, the trial court here refused defendants' requested instruction that internal pressure was an essential element of the term "explosion." Manifestly, on these uncontroverted facts there would have been no insurance coverage if the term "explosion" had been defined as the sudden release of internal pressure.

However, we are not asked to decide whether a noncombustible substance can explode without an internal force because the trial court's instruction omitting that element was not objected to by defendants, either at trial, in their post-trial motion, or here on appeal. The trial court instructed the jury that an explosion must involve—

"* * * sudden and violent increase of force and sudden and violent breaking out [which] must be in addition to that of normal static force exerted on the wall of a container because of the weight and position of soil and water."

Given this definition, the jury was implicitly asked to make two factual determinations: First, did the foundation of the hospital wall break out suddenly and violently? Second, was the force which caused the wall to break static or active? On both of these questions we think there is sufficient evidence to support the jury verdict.

Witnesses testified that the time which elapsed from the first detectible cracking until the final collapse was only a few minutes, and that the collapse itself was accompanied by a tremendous boom. Thus, the jury could reasonably have found that the collapse was sudden and violent. With respect to the question whether the wall collapsed from static pressure created by the constant weight of the soil and moisture or from an active kinetic force, the evidence is closer. The soil here involved was a loess or clay material with a propensity to retain water and "creep"

laterally. The force of that lateral pressure was increased by a heavy rainfall immediately preceding the collapse. On this evidence we think the jury could reasonably have found that the force was active. It is not our function to substitute our judgment for that of the jury even though we might have affirmed a contrary result. Hart v. Vogt, 306 Minn. 476, 478, 238 N. W. 2d 590, 591 (1976).

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.