**KOCH ASPHALT COMPANY, A DIVISION OF KOCH FUELS, INC., Appellant,**

v.

**The FARMERS INSURANCE GROUP; Farmers Insurance Exchange; Truck Insurance Exchange, Appellees.**

No. 88–1789.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Feb. 17, 1989.

Quentin E. Kurtz, Wichita, Kan., for appellant.

Chadwyn D. Cos, Dubuque, Iowa, for appellees.

Before HEANEY * and BEAM,
Circuit Judges, and LARSON,** District Judge.

BEAM, Circuit Judge.

The Koch Asphalt Company (KAC) appeals from an order of the district court dismissing its action against the appellee insurers. KAC had sought a declaratory judgment that KAC was an insured under an insurance policy between appellee and Rock River Cartage, Inc. (Rock River), and therefore was entitled to the rights accorded an insured under that policy. We affirm the decision of the district court.

## I. BACKGROUND

### A. Kilday's Action Against KAC.

This case arises out of a negligence action by Michael Kilday against KAC. Kilday was hired by Rock River to haul asphalt emulsions from KAC facilities to destinations designated by KAC. At one such destination, hot asphalt emulsion overflowed Kilday's truck and burned his body. His lawsuit against KAC alleged that KAC was negligent in loading the asphalt emulsion.

### B. KAC's Action Against Insurer

KAC sought to have Farmers Insurance Group defend KAC against Kilday's tort claim and to indemnify KAC against liability and damages. The insurance company declined on the ground that there was no contract of insurance that obligated it to defend or indemnify KAC.

### c. Insurance Policy Between Insurers and Rock River

Rock River obtained a policy of liability insurance from the insurance group in June of 1983. It is KAC's theory that in addition to Rock River being an insured, KAC is also an insured under the June 1983 policy.

## II. THE POLICY

### A. Definition of Insured

KAC contends that the insurance policy should be construed to include KAC as an insured. The policy defines "insured" as follows:

> Insured includes the named insured and also includes * * * any partner, executive officer, director or stockholder thereof while acting within the scope of his duties as such, except with respect to the ownership, maintenance or use of any automobile owned by him or a member of his household.

Policy at 4. Three entities are declared to be named insureds. KAC is not one of them. Nevertheless, KAC contends that since the definition of an insured "includes" those parties listed, it also includes other entities. KAC contends that the policy is thus ambiguous as to who else is included as an insured. Since the insurance company drafted the policy, argues KAC, the ambiguity must be construed against it, and KAC should be deemed an insured.

We do not believe that the doctrine of construing ambiguous policy language against the drafter applies to this case. The doctrine is that where the "meaning of the contract is in doubt upon its expressed terms, it must be construed in the sense in which the insurer believed, at the time of making it, that the insured understood it." Couch, Insurance 2d (Rev. ed.) § 15:14, at 157; *see also Caledonia Community Hosp. v. St. Paul Fire & Marine,* 307 Minn. 352, 239 N.W.2d 768, 770 (1976) (stating that ambiguities are to be resolved in

---

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

accordance with the reasonable expectations of the insured).

The policy was purchased by Rock River in June of 1983. KAC and Rock River did not enter into their hauling relationship until June of 1984. In this situation, we can see no basis for construing an insurance policy in favor of a party who did not participate in the making of the contract, and, who apparently did not even know of its existence prior to the time of the accident.

### B. Users as Insureds

■ Alternatively, KAC contends that "users" of Rock River's vehicles are insureds and that it was a user. The insurer stipulated that Rock River's driver, Kilday, was an insured under the policy. KAC believes that such stipulation by the insurer requires that KAC also be covered as a user-insured. We agree with the district court that not every loader and unloader of the vehicle was an insured user. Kilday being an insured does not change that result.

As the district court found, the policy did not contain a "permissive user clause." Desig. Rec. at 89–90. A clause which contemplates unnamed users of covered vehicles being insured may, arguably, have encompassed KAC as an insured. An example of such a clause is included with the policy for coverages extended in Wisconsin:

**Applicable in Wisconsin**

The Definition of Insured in Part 1 is deleted and the following substituted therefor:

Definition of Insured:

The unqualified word "Insured" includes the named insured and also includes (1) under Coverages A and B any partner, executive officer, director or stockholder thereof while acting within the scope of his duties as such, except with respect to the ownership, maintenance or use of automobiles while away from premises owned, rented or controlled by the named insured or the ways immediately adjoining, and (2) under Coverages A and B, any person while using an owned automobile or a hired automobile and any

person or organization legally responsible for the use thereof, *provided the actual use of the automobile is by the named insured or with his permission,* and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured.

Policy at 22 (emphasis added). A comparison of this Wisconsin-applicable definition and the definition applicable to this case, *see* Part IIA, *supra,* bears out that a mere permissive user was not intended to be an insured under the policy. In fact, the policy at issue is reasonably restrictive in coverage extended for loading and unloading activities. In the context of loading and unloading, coverage is likely extended to Kilday under Exclusion 13(b). *See* Policy at 7, Exclusion 13(b) *reprinted* at Part III, *infra.* This language is clearly inapplicable to Koch.

### III. LIABLE FOR CONDUCT OF AN INSURED

■ As an alternative basis for finding coverage, KAC contends that it is being held liable for the conduct of an insured. We disagree. This policy did not apply

(13) to bodily injury or property damage arising out of the loading or unloading of an Automobile. This limitation does not apply with respect to claims made or suits brought against:

(a) The named insured

(b) A lessee or borrower of the Automobile or an employee of either of them or of the named insured.

(c) Another person or organization but only with respect to his or its liability because of or omissions of an insured under (a) or (b) above.

Exclusion 13, Policy at 4 & 7.

KAC contends that this provision implies that KAC is an insured because the injury arises out of the course of loading and unloading, and under (c), it is being held liable for an omission of an insured.

### A. Jury's Finding

The jury found Rock River 80% negligent because it failed to properly train Kilday in

the loading and unloading of asphalt emulsions. It found KAC 20% negligent by failing to cease loading the second load despite learning of a low rumbling noise emanating from the cargo hold of the truck.

KAC argues that it is actually being held liable for Rock River's—a named insured—negligence. Had Rock River instructed Kilday properly, contends KAC, the accident would not have occurred.

### B. Causation

In determining whether KAC's negligence or Rock River's negligence was the sole "cause" of Kilday's injuries, the question is whether the accident in question arose, at least in part, out of KAC's failing to cease loading, or, in other words, whether the accident would not have occurred "but for" KAC's negligence. *See Woodside v. Gerken Food Co.*, 130 Ill.App.3d 501, 85 Ill.Dec. 811, 815, 474 N.E.2d 771, 775 (1985). Here, had KAC not been negligent, this accident would not have occurred. Hot asphalt would not have been loaded. It could, therefore, not have overflowed. Thus, we affirm the district court's ruling that Exclusion 13 did not provide a basis for finding that KAC is entitled coverage.[1]

### IV. COMPLETED OPERATIONS

The insurer agreed

with the insured, named in the Declarations made a part hereof * * * and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### PART I—LIABILITY INSURANCE

#### Coverage A—Bodily Injury Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person, caused by an occurrence to which this insurance applies.

#### Coverage B—Property Damage Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, caused by an occurrence to which this insurance applies.

### LIMITS OF LIABILITY

**Completed Operations Hazard** includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured.

\* \* \* \* \* \*

The completed operations hazard does not include bodily injury or property damage arising out of

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof.

Policy at 1 & 3.

As discussed in Part IIA, *supra*, KAC was not an insured as named or defined. We agree with the district court that there is no basis for finding, in this provision, any implication that coverage is extended to KAC. It only extends coverage to insureds.

### V. CONCLUSION

KAC is not an insured under this policy. KAC is not being held liable for the conduct of an insured. We can find no other

---

1. KAC's theory appears to be that "but for" Rock River's and Kilday's failure to have the cargo hold properly scrubbed before loading, the accident could not have occurred. Thus, *but for* causation does not exist. We disagree with KAC's definition of causation. But for causation has been defined as follows: "The defendant's conduct is a cause of the event if the event would not have occurred *but for* that conduct; conversely, the defendant's conduct is not a cause of the event if the event would have occurred without it." Prosser & Keaton, Torts, § 41, at 266 (Lawyer's 5th ed. 1984).

indication in the policy to suggest that Rock River or the insurer intended to provide KAC liability insurance for negligence not attributable to Rock River. Therefore, there being no insurance afforded by the terms of the policy, the insurer had neither a duty to defend nor an obligation to indemnify KAC. The judgment of the district court is affirmed.