MINISTERS LIFE—A Mutual Insurance Company, et al., Appellants,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.

No. C3–91–2160.

Court of Appeals of Minnesota.

April 7, 1992.

Michael Berens, Carol E. Baker, Kelly & Berens, Minneapolis, for appellants.

Richard J. Thomas, Geraghty, O'Loughlin & Kenney, St. Paul, for respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and HARTEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants Ministers Life and Arnold Henkel commenced a declaratory judgment action against respondent St. Paul Fire & Marine Insurance Company, claiming St. Paul Fire was obligated to defend and indemnify Ministers Life and Henkel in a defamation action. St. Paul Fire contended two exclusions contained in policy endorsements precluded coverage for the claims against appellants. The parties stipulated to the relevant facts and brought cross-motions for summary judgment. The trial court granted St. Paul Fire's motion for summary judgment.

## FACTS

Ministers Life is a mutual insurance company and Arnold Henkel is its senior vice president. St. Paul Fire issued a general liability insurance policy and an umbrella excess liability insurance policy to Ministers Life.

On March 1, 1989, Ministers Life issued a group insurance policy to a religious organization for medical, life and/or accidental death and dismemberment insurance coverage. The insurance policy was a "true group" policy, meaning the group must have some common element, and anyone who joined the group would be eligible for insurance. In the case of this group, the common element was a condition of membership which required signing a religious creed. When Ministers Life received calls from people who had received a mailing from the group regarding insurance and who had neither joined the group nor

signed its creed, Ministers Life suspected that the group was organized solely for insurance purposes. After investigating, Ministers Life concluded the organization never existed.

On January 9, 1990, Ministers Life mailed a notice to persons who believed they were covered under the group policy. The notice indicated that Ministers Life had investigated the religious organization and concluded that the group policy was void and had never taken effect. Accordingly, the notice recipients were informed that they were not covered by the policy and should seek insurance coverage elsewhere.

Shepherd's Marketing, Inc., which brokered the policy for the purported religious organization, and two Shepherd's employees brought suit against Ministers Life. The complaint included an allegation that the January 9 notice defamed Shepherd's and its employees by calling into question their competence in brokering a policy which turned out to be void. Shepherd's also asserted the policy was not void.

Ministers Life and Henkel sought a defense from St. Paul Fire. The parties agree that defamation is covered under the body of the St. Paul policy. However, St. Paul asserted that two endorsements, the "insurance and related work exclusion endorsement" and the "described professional services exclusion endorsement," barred coverage for the claims brought against Ministers Life. This appeal follows summary judgment granted to respondent St. Paul Fire.

### ISSUES

1. Does the insurance and related work exclusion endorsement preclude coverage for the claims brought against Ministers Life?

2. Does the described professional services exclusion endorsement preclude coverage for the claims brought against Ministers Life?

### ANALYSIS

On review of a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. Minn.R.Civ.P. 56.03; *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). In the present case, the trial court's summary judgment was based on its interpretation of the St. Paul Fire insurance policy. This presents an issue of law that this court reviews de novo on appeal. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978).

■ St. Paul Fire's duty to defend will arise if any part of the cause of action is arguably within the coverage afforded by its policy. *Jostens, Inc. v. Mission Ins. Co.*, 387 N.W.2d 161, 165–66 (Minn.1986). Where an insurer asserts that coverage is precluded by an exclusion, the burden is upon the insurer to establish that the exclusion is applicable. *Caledonia Community Hosp. v. St. Paul Fire & Marine Ins. Co.*, 307 Minn. 352, 354, 239 N.W.2d 768, 770 (1976).

#### 1. *Insurance Exclusion*

■ The insurance and related work exclusion endorsement denies coverage for improperly carrying out "any contractual or other obligation or duty in connection with an insurance contract." Ministers Life argues that because it had no duty under the group policy to send the notice, the exclusion does not apply.

By its terms the insurance work exclusion is not limited to duties imposed by contract. The exclusion broadly refers to contractual "or other" obligations "in connection with an insurance contract." The officers of Ministers Life have an obligation to Ministers Life and its insureds to transact business in a prudent manner. This obligation includes the action taken here: notifying supposed insureds that they are not insured and their claims will not be honored.

Ministers Life claims the exclusion is inapplicable because the group insurance contract in this instance was obtained by fraud and no obligations could arise under it. As already discussed, the exclusion is not limited to obligations imposed by an insurance contract; it extends to all obli-

gations in connection with an insurance contract.

## 2. *Professional Services Exclusion*

■ The policy's professional services exclusion denies coverage for damages resulting from performance of "any professional service described in the Coverage Summary." The reference to professional services contained in the coverage summary is limited to the words "insurance company."

A professional service is one calling for specialized skill and knowledge in an occupation or vocation. *Marx v. Hartford Accident & Indem. Co.*, 183 Neb. 12, 13–14, 157 N.W.2d 870, 871–72 (1968). The skill required to perform a professional service is predominantly intellectual or mental rather than physical. *Id.*

■ Ministers Life argues this exclusion does not affect its coverage here because it merely took a "ministerial" action in sending the January 9 letter. We disagree. The claim asserted by Shepherd's is that the January 9 notice "was false as said policy was not void" and that the notice "called into question Shepherd's ability and competence to act as a broker of insurance." This claim is not premised on the ministerial act of mailing the January 9 notice, but the determination expressed in the notice that the policy is void. A determination that a group has been established for the sole purpose of obtaining insurance is not a ministerial act. Rather, the decision to issue the notice and the contents of the notice constituted professional services calling for business and insurance expertise and judgment.

## DECISION

Because appellants' actions in notifying individuals that they would no longer be insured were taken in connection with an insurance contract and constituted professional services, they are excluded from the coverage of the St. Paul Fire policy.

Affirmed.